JOHNSON v. MANTOOTH.

Opinion delivered April 28, 1913.

1. LANDLORD AND TENANT—WHEN RELATION EXISTS.—Where the owner of land makes a contract with another whereby the latter is to cultivate the land and the crops produced are to be divided between the two parties in a certain proportion, the question whether the relation of landlord and tenant exists is determined by the construction of the whole contract, whether written or oral. (Page 38.)

2. EJECTMENT—ANSWER—AMBIGUITIES—HOW CORRECTED.—Where plaintiff brings an action of ejectment against defendant, and tne answer, while ambiguous, sets up grounds sufficient to warrant a jury in finding that defendant held possession of the land as a tenant of plaintiff for a year, it is error to sustain a demurrer to the answer, where, by a fair intendment, the inference may be drawn that facts exist sufficient to constitute a ground of defense. Defects in the answer must be corrected by a motion to make more definite and certain and not by demurrer. (Page 39.)

Appeal from Jackson Circuit Court; *R. E. Jeffery*, Judge; reversed.

STATEMENT BY THE COURT.

Nettie Mantooth instituted this action against B. F. Johnson to recover possession of a tract of land in Jackson County, Arkansas. The complaint is in the usual form and alleges title in the plaintiff. The defendant filed an answer, which is as follows:

"The defendant, B. F. Johnson, for answer to the complaint of the plaintiff, admits that she is the owner of the land described in said complaint, but denies that he is in the unlawful possession of the same, or has been since the 1st day of January, 1912, and denies that during said time or now, that plaintiff has had or now has the right to the possession thereof. He denies that plaintiff has been damaged in the sum of $1,000 or in any other or further sum whatever.

"The defendant states that he is in possession of the premises aforesaid under and by virtue of a contract of rental which was orally made by him with T. E. Mantooth, the husband and agent of the plaintiff, on or about the first day of August, 1911, by which said oral contract the defendant was to remain in and have possession of the said premises and the use and occupation thereof for the year 1912, for the purpose of cultivating thereon crops of cotton and corn and hay, and plaintiff by her said agent agreed to furnish the defendant with sufficient teams, feed and tools as would be necessary to cultivate said crops and half the wire, oil and ferriage to gather, bale and market said crop of hay, and said defendant was to furnish all the labor to make, gather and market said crops; when said crops were gathered and harvested, the same were to be divided as follows: One-half to the plaintiff and one-half to the defendant.

"He therefore states that plaintiff is not entitled to possession of said premises until the expiration of the term aforesaid. Wherefore he prays judgment."

To this answer the plaintiff demurred. The court sustained the demurrer and the defendant declined to answer further. Judgment was rendered against him and he appealed.

*John W. & Jos. M. Stayton* and *Otis W. Scarborough,* for appellant.

The relation of landlord and tenant was created, and appellant was in possession and entitled to so remain for the year 1912. Wood on Landlord & Tenant, § 1, p. 93; 48 Ark. 264; 54 *Id.* 346; 30 *Id.* 339; 46 *Id.* 254; 54 *Id.* 347; 37 Am. Dec. 309, and note 314; 53 Md. 504; 70 Ark. 82; 94 *Id.* 451.

*Stuckey & Stuckey,* for appellee.

There was no relation of landlord and tenant. Appellant was a mere employee. 54 Ark. 347; 48 *Id.* 264; 32 *Id.* 435; 18 A. & E. Enc. L. (2 ed.), § 9, p. 173.

HART, J., (after stating the facts). The determination of the issue raised by the appeal depends upon the

question whether the defendant was upon the land of the plaintiff in the capacity of tenant or employee.

Where the owner of land makes a contract with another whereby the latter is to cultivate the land and the crops produced are to be divided between the two parties in a certain proportion, the relation of landlord and tenant may or may not result. The question whether it does result is one of intention, to be determined upon a construction of the whole instrument if the contract is in writing, or from the language used by the parties and their acts in carrying out the contract if the agreement is oral. Tiffany on Landlord & Tenant, vol. 1, p. 38. To the same effect are the following: *Birmingham* v. *Rogers,* 46 Ark. 254; *Tinsley* v. *Craige,* 54 Ark. 346; *Neal* v. *Brandon,* 70 Ark. 79.

The answer alleges in substance that the defendant is in possession of the premises under and by virtue of an oral contract of rental. That under said oral contract the defendant was to remain in and have possession of the premises and the use and occupation thereof for the year 1912 for the purpose of cultivating thereon crops of cotton, corn and hay. That defendant was to furnish all the labor to make, gather and market said crops. That when said crops were gathered and marketed the same were to be divided as follows: One-half to the plaintiff and one-half to the defendant.

It might be inferred from these facts and the circumstances surrounding the parties at the time the contract was made that it was their intention to create the relation of landlord and tenant and not that of landlord and cropper or employee. A jury might infer from the allegations of the answer that the defendant was already in possession of the land; that it was the intention of the parties that he should remain in possession and cultivate certain crops of cotton, corn and hay, and should market the same. That after the crops were sold, the defendant should make a division of the proceeds by giving one-half to the plaintiff and retaining one-half himself. In this view of the case the defendant would have the right

to the possession of the land for the year 1912 and would
have the whole property in the crop until he made a divi-
sion. This would create the relation of landlord and
tenant between the parties and would defeat the action
of the plaintiff for the recovery of the land. It may be
admitted that the allegations of the answer are some-
what ambiguous and uncertain but in such cases, if the
inference may be drawn therefrom by a fair intendment
that facts exist sufficient to constitute a ground of de-
fense, the defect must be corrected by a motion to make
more definite and certain and not by demurrer. *Bush* v.
*Cella,* 52 Ark. 378; *Citizens' Bank of Mammoth Spring* v.
*Commercial National Bank of Chicago,* 107 Ark. 142,
and cases cited.

It follows that the judgment must be reversed and
the cause remanded for a new trial.