COOPER *v.* McCOY.

Opinion delivered February 1, 1915.

1. RES ADJUDICATA—FORMER JUDGMENT, BINDING WHEN.—A former judgment, in order to be a bar, must have been a decision on the merits of the cause, must have been rendered in a proceeding between the same parties or their privies, and the point of controversy must have been the same.

2. PLEADING—SUFFICIENCY OF COMPLAINT—DEMURRER—RES ADJUDICATA.—A complaint failed to state a cause of action, and a demurrer thereto was sustained. *Held,* the sustaining of the demurrer and dismissing of the complaint, was not an adjudication of the merits of the controversy between the parties, nor was it such a judgment as would prevent the maintaining of another action by the plaintiff against the defendant.

3. LEGITIMACY—CHILDREN OF VOID MARRIAGE.—The children of a marriage, void in law because the father, at the time of its solmniza-

tion, had another wife living, will be held legitimate, and entitled to inherit from the father, under Kirby's Digest, § 2640.

4.   DOWER—VOID MARRIAGE.—Where deceased contracted a bigamous marriage, the second wife can not share in the estate of deceasd as widow.

Appeal from Greene Chancery Court; *C. D. Frierson,* Chancellor; affirmed.

### STATEMENT BY THE COURT.

Maude McCoy brought suit for partition of the estate of Jacob H. Cooper, her father, against his other children, naming them, and alleged that she was the sole surviving child of his marriage to Caroline Cooper and owned a one-seventh undivided interest in the lands described; that four of the children were minors and had a claim of homestead in the lands, which should include only forty acres, which was alleged to be of the value of $2,500; that the homestead should be defined and set aside to the minors, that the remaining part of the lands were subject to partition between all the said heirs, and as to Ella J. Cooper, alleged:

"Said Ella J. Cooper claims some interest in the above described real estate by way of dower and homestead, but plaintiff avers that such claim is not well founded, and that said defendant has no interest whatsoever in said above described real estate."

The prayer of the complaint as to her was that said Ella J. Cooper be required to set up by answer in this case any alleged rights or claims which she may have in said lands, and that the same may be adjudged by this court to be null and void.

The general prayer was for the setting apart of the homestead to the minors of the forty acres of land containing the dwelling, etc., and that the remainder, be partitioned among all the heirs. The administrator was not made a party.

Appellant demurred to the complaint which the court, upon hearing, treated as a motion to make more definite and appellee, declining to amend, sustained the demurrer and plaintiff refusing to plead further, dismissed the complaint as to said Ella J. Cooper, to which

action the plaintiff excepted and prayed an appeal to the Supreme Court. The appeal was not perfected, however, and in April, 1912, the said Maude McCoy, plaintiff in the first suit, brought another suit against the same parties and C. C. Cooper as administrator of the estate of Jacob H. Cooper, the deceased, alleging that he had in his hands moneys and chattels of greater value than $3,500, and that all the claims against the estate had been paid, that said amount should be disbursed, but was held by the administrator, on account of a pretended claim of Ella J. Cooper of a dower interest therein, that plaintiff was entitled to one-seventh interest in the money; that Ella J. Cooper had no claim against said estate because she was never the lawful wife of Jacob H. Cooper and hence not his widow; that she never had at any time any right, claim or interest whatever in said money or chattel property and "that said Ella J. Cooper has not now and has never had any right, title or interest in or concerning any of the real estate therein above described, either as the lawful wife of Jacob H. Cooper, deceased, or otherwise," etc.

The relief sought as to partition of the lands of the estate of Jacob H. Cooper between the heirs was the same in the second as in the first complaint. The complaint prays the appointment of commissioners to set apart to plaintiff one-seventh of the lands described; excepting the eighty acres designated as the homestead of the minors; that the commissioners be directed to set apart to the minor children named, the designated eighty acres and improvements and no more. That the court declare plaintiff and the six other children of Jacob H. Cooper, deceased, named therein, the sole and only owners and distributees of the money and personal property of his estate now in the hands of the administrator; that he be directed to pay over same, after making final settlement, one-seventh part to plaintiff; that Ella J. Cooper be required to set up by answer her pretended claims to either the personal or real property of the estate and that such pretended claims be adjudged void and for general relief.

Appellant plead the judgment of dismissal of the first complaint as *res adjudicata* in bar of the second action. This plea alleged the filing of the suit, the demurrer, the decree, treating the demurrer as a motion to make more specific and permitting plaintiff to amend the complaint, plaintiff's refusal to do so, the sustaining of the demurrer and the dismissal of the complaint. That an appeal was prayed and granted but never perfected; that more than a year had elapsed since the decree dismissing the complaint which became a final judgment; that all matters alleged in the last complaint against appellant were properly subject to hearing and determination in the first and embraced within the meaning and terms thereof.

This plea was overruled and appellant answered denying the right of appellee to the interest claimed in the property and estate of Jacob H. Cooper and the other allegations of the complaint.

The chancellor found that plaintiff, Maude McCoy was the sole surviving heir of Jacob H. Cooper's marriage to her mother, Caroline Cooper, that he left his family and afterward, during the life of his said wife, and without any divorce procured, married appellant, Ella J. Cooper, who had no knowledge or information that he was a married man until fifteen years or more thereafter, and that the other defendants, children of this last marriage, were also heirs and entitled to inherit his estate each in equal share with plaintiff, and that Ella J. Cooper was never the lawful wife nor widow of Jacob H. Cooper, deceased, and decreed accordingly and that Ella J. Cooper take nothing by this suit and dismissed her answer and cross-complaint for want of equity, from which judgment she prosecutes this appeal.

*M. P. Huddleston, Robert E. Fuhr* and *R. P. Taylor,* for appellant.

1. The plea of *res adjudicata* should have been sustained. No appeal was taken from the first decree, which was a final judgment. 83 Ark. 371; 99 *Id.* 496; 102 *Id.*

380; *Radford* v. *Samstag,* 113 Ark. 185; 99 Ark. 433; 1 Freeman on Judgments, § 16; 11 Enc. Pl. & Pr. 926; 23 Cyc. 670; 14 Ark. 159; 63 *Id.* 254; Kirby's Digest, § § 6169-6228; 1 Freeman on Judg., § 267.

2. Where it appears that parties to a prior marriage were living at the time of a subsequent marriage by one of the parties to a third person, it will be presumed that the disability of the prior marriage has been removed by a divorce before the time of the second marriage. 222 Mo. 74; 17 A. & E. Ann. Cas., 673, 683; 43 Pac. 756; 64 *Id.* 195; 35 N. E. 525; 41 *Id.* 600; 77 S. W. 122, etc. The burden is on him who attacks the validity of the subsequent marriage to show its invalidity. 128 Ga. 339; 57 S. E. 709; 21 Ore. 387; 28 Pac. 388; 98 Fed. 63; 57 Ark. 278.

*Geo. A. Burr* and *R. E. L. Johnson,* for appellee.

1. This record does not present a case for the application of *res adjudicata.* 8 S. W. 441; 4 Wall. 232; 109 U. S. 125, 426; 1 A. K. Marsh. 321; 99 Ark. 433. The judgment on the demurrer was wrong. 47 Ark. 222; 1 S. W. 99.

2. The causes of action were not the same, nor the same parties, nor privies, nor the same issues, hence the doctrine does not apply. 23 Cyc. 1155-1156-7; 76 Ark. 391.

3. The decree in the first case was based solely on a defective pleading. 23 Cyc. 1152. It was not a bar. 95 Pa. St. 521; 63 Tex. 698; 9 Enc. Pl. & Pr. 621; 48 Tex. 62.

4. The second marriage was void. 82 Ark. 76; 169 S. W. 817.

KIRBY, J., (after stating the facts). (1) It is strongly urged that the court erred in denying appellant's plea of *res adjudicata.* It is well settled that a former judgment in order to be a bar must have been a decision of the merits of the cause. In *Smith* v. *McNeal,* 109 U. S. 426, the court, quoting from *Hughes* v. *U. S.,* 4 Wall. 232, said: "In order that a judgment may constitute a bar to another suit it must be rendered in a proceeding be-

tween the same parties or their privies, and the point of controversy must be the same, in both cases and must be determined on its merits. If the first suit was dismissed for defect in pleadings or parties, or a misconception of the form of the proceeding, or the want of jurisdiction, or was disposed of on any ground which did not go to the merits of the action, the judgment rendered will prove no bar to another suit.''

It is contended by appellant that the first complaint to which the demurrer was sustained was only defective and stated a cause of action and that judgment having been rendered against appellant on failure to plead further and no appeal taken therefrom, the same was binding as an adjudication of all the rights that might have been determined therein.

If the inference may reasonably be drawn from the allegations of the pleadings by a fair intendment that facts sufficient exist to constitute a cause of action or defense, the defect must be corrected by a motion to make more definite and certain and not by demurrer. *Johnson v. Mantooth,* 108 Ark. 36.

In *Arkansas Life Insurance Co.* v. *American National Ins. Co.,* 110 Ark. 139, the court said: ''In testing the sufficiency of a pleading by general demurrer, every reasonable intendment should be indulged to support it. If the facts stated, together with every reasonable inference therefrom constitute a cause of action, then the demurrer should be overruled.'' It was there held that the complaint did not state a cause of action and could not be amended by a motion to make more specific; that it was not a statement of a cause of action defectively, but a failure to state one at all.

The court quoted with approval in *Luttrell* v. *Reynolds,* 63 Ark. 258, from Freeman on Judgments: ''If any court errs in sustaining a demurrer and enter judgment for defendant thereon, when the complaint is sufficient, the judgment is nevertheless on the merits. It is final and conclusive until reversed on appeal.''

In *Melton* v. *St. Louis, I. M. & S. Ry. Co.,* 99 Ark. 436, this court held that the question of the sufficiency of a cause of action raised by a general demurrer became an issue of law, and the determination thereof by sustaining the demurrer, was an adjudication and decision by the court by which the merits of the case were determined and plaintiff having elected to stand upon his pleadings and declined to amend his complaint, the adjudication sustaining the general demurrer became a final determination of the issue of law deciding the merits of the case and was a final judgment which could be set aside only upon appeal."

There were no facts sufficiently alleged in the first complaint relative to the claim of Ella J. Cooper against the estate of the father of the plaintiff as would constitute a cause of action or warrant an adjudication of its validity. It was not stated that she had ever been married to or claimed to be the widow of Jacob H. Cooper, deceased, nor that she was illegally married to him and claimed to be his lawful widow and on that account, entitled to dower and homestead in his estate, but only that she claimed some interest by way of dower and homestead, which claim was not well founded and an averment that she had no interest whatever in said estate; the prayer asking that she be required to set up by answer any claim or right that she may have in the lands and that the same be adjudged void by the court.

(2) The complaint did not state facts sufficient, together with every reasonable inference deducible therefrom, to show that the said Ella J. Cooper was ever married to or claimed to be the wife of Jacob H. Cooper, deceased, and a dower and homestead interest in his lands on that account, and since it stated no cause of action, there was no adjudication of the merits of the controversy by sustaining the demurrer and dismissing the complaint, nor any judgment preventing the maintaining of this suit against her.

(3-4) The children of appellant's marriage to Jacob H. Cooper, duly solemnized under the **forms of law** but void because of his having a former wife living from

whom he had not been divorced at the time thereof, are protected by law, deemed legitimate and entitled to inherit his estate. Kirby's Digest, § 2640; *Evatt* v. *Miller*, 114 Ark. 84, 169 S. W. 817. But not so the mother who bore them, and the stress and struggle of life with their father helping to accumulate the estate left at his death, who is not allowed the portion thereof belonging to the widow under the law. Her marriage was illegal, and that fixed her status. Not having been the legal wife of the deceased, she is not entitled to a division of the property which she herself helped to accumulate, notwithstanding it was through no fault of hers that she married the husband of another. Such is the law.

The findings of the chancellor are supported by the testimony and no error was committed in the rendition of the decree, which is affirmed.