## SAULS v. SHERRICK.

### Opinion delivered January 10, 1916.

1. RES ADJUDICATA—RULE.—To render a judgment in one suit conclusive of a matter sought to be litigated in another, it must appear from the record, or from extrinsic evidence, that the particular matter sought to be concluded was raised and determined in the prior suit.

2. RES ADJUDICATA—SALE OF CHATTEL—ATTACHMENT SUIT—SUIT ON PURCHASE PRICE.—A. sold an automobile to B., taking a note in payment, and reserving title until the same was paid. Before the note became due, A. brought an attachment suit, alleging that B. was about to dispose of the automobile fraudulently. This suit was determined in B's favor. Held, this judgment would not operate to bar a later action by A. against B. on the note.

Appeal from Garland Chancery Court; *J. P. Henderson*, Chancellor; affirmed.

Appellant, *pro se.*

1. The plea of *res adjudicata* should have been sustained. The plaintiff was not only estopped, but this suit was barred by the judgment in the attachment suit, which though prematurely brought, was a trial and judgment on the merits of the cause as well as on the attachment branch. The whole matter was adjudicated and the former suit is a complete bar. 74 Ark. 625; 94 *Id.* 519; 100 *Id.* 69; 23 Cyc. 1074, 1151; 102 Iowa, 112; 47 L. R. A. 709.

2. Where the court has jurisdiction of the parties and subject-matter, a judgment though erroneous is valid and may be pleaded in bar. 34 Ark. 399; 52 *Id.* 1; 73 *Id.* 612; 39 *Id.* 238; 66 *Id.* 117.

3. As to vendor's liens, conditional sales, etc., of personal property and the proper forms of verdicts and judgments in attachment suits, see 24 Ark. 235; 92 *Id.* 464; 2 Black on Judg., § 114; 24 Am. Dec. 498; Kirby's Dig., § § 380-2, 413.

*Davies & Davies,* for appellee.

1. The attachment suit and judgment is not a bar. There never has been a trial and judgment on the merits. In the attachment suit the jury merely found that the attachment was sued out without ground. The judgment was only that the attachment be dissolved and necessarily "for the defendant." The first judgment was not an estoppel, nor a bar, and can not be plead as *res judicata.* 100 Mass. 409; 1 Am. Rep. 125; 37 N. Y. 59; 21 A. & E. Enc. Law (1 ed.), p. 128-9; 23 Cyc. 1124, 1306-9, 1173 note, 77; 16 Ga. 416.

As to the rights of a lien holder, or mortgagee of personal property, see Kirby's Dig., § 4966; 52 Ark. 450. As to conditional sales of personal property, see 35 Cyc. 651, 662, 696, 708; Jones, Ch. Mortg., § 753.

3. Plaintiff had the right to sue before the maturity of the *debt.* Kirby's Dig., § 396.

4. Parol evidence is admissible to show what was settled in a former suit. 33 Ark. 475; 37 N. Y. 59. To be a bar it must appear that the former judgment neces-

sarily involved the determination of the same fact to prove or disprove which it is offered in evidence. 100 Mass. 409, and cases, *supra.*

HART, J. On the 15th day of June, 1914, this action was instituted in the chancery court by Joseph Sherrick against Gus Sauls. The complaint states that on the 13th day of December, 1913, the defendant, Gus Sauls, executed and delivered to the plaintiff, Joseph Sherrick, a promissory note for $350 due six months after date; that the consideration of said note was a half interest in an automobile which had been sold by the plaintiff to the defendant; that the sale was made on condition that the title to the automobile should remain in the vendor until paid for.

The defendant filed an answer, denying the allegations of the complaint, and also entering a plea of *res adjudicata.*

W. C. Springer filed an intervention in which he stated that in June, 1914, the defendant Sauls had executed to him a mortgage on the automobile to secure a note of $160. He alleged that the note was due and asked for a foreclosure of his mortgage.

The chancellor found the issues between the plaintiff and the defendant in favor of the plaintiff and the defendant has appealed. The issue in regard to the intervention not being involved in this appeal, no further reference need be made to it.

In regard to the plea of *res adjudicata,* the facts are substantially as follows:

On December 13, 1913, Joseph Sherrick and Gus Sauls entered into a written contract whereby the former sold to the latter an automobile and it was expressly agreed that the title to the automobile should remain in the vendor until the automobile was paid for. A note of the same date was given for the purchase price of the automobile. The note was payable six months after date to the order of Joseph Sherrick. In March, 1914, Joseph Sherrick instituted an action in the circuit court against Gus Sauls in which he set up the execution of the above

contract and alleged that no part of the indebtedness had been paid and that Sauls had disposed of the property with the fraudulent intent to cheat, hinder and delay his creditors in the collection of their debts. A general and specific order of attachment was prayed for.

The defendant filed an answer in which he denied the execution of the contract and note for the automobile and denied the ground of attachment. The case was tried before a jury, which returned a verdict for the defendant, whereupon the court ordered and adjudged that the attachment be dissolved and the property be restored to the defendant free from the attachment lien. The judgment contained a recital showing that the case was submitted to the jury on the issue of the attachment.

Upon the trial of the present action the plaintiff introduced in evidence the note and contract which was the foundation of the action. He also testified that no part of the note had been paid. A brother of the plaintiff testified that he was present when the contract was entered into between the plaintiff and the defendant and corroborated the testimony of the plaintiff to the effect that no part of the note had been paid.

(1) Under these circumstances we do not think the plea of *res adjudicata* by the defendant can be held to be a bar to the present action. In the case of *McCombs* v. *Wall,* 66 Ark. 336, the court held that to render a judgment in one suit conclusive of a matter sought to be litigated in another, it must appear from the record, or from extrinsic evidence, that the particular matter sought to be concluded was raised and determined in the prior suit.

In *Kraft* v. *Moore,* 76 Ark. 391, the court held that where the issues in a former and a pending suit were not the same, and a different relief was sought in the two suits, a plea of *res adjudicata* is unavailing.

(2) Counsel for the defendant contend that the present suit is barred by the judgment in his favor in the circuit court on the first suit. They say that he denied the execution of the note sued on in the first suit and that the finding in favor of the defendant in that suit is neces-

sarily a bar to this action which, they contend, is based on the same cause of action. We do not agree with them in this contention. Though the plaintiff's first action was founded on the same note sued on in the present case, it was not the same cause of action. And though the defendant denied the execution of the note and contract in the first action, that was not the issue which was tried in that case. The issue was on the attachment. The contract and note were introduced in evidence and no testimony was offered tending to show that the defendant did not execute them. The plaintiff and his brother both testified that no part of the note had been paid and no effort was made to contradict their testimony in this respect. The proof was directed to the issue on the attachment. The undisputed proof shows that the note was not due at the time the first suit was brought. The jury found in favor of the defendant on the attachment branch of the case and that disposed of the whole case. There being no ground of attachment, no judgment could be rendered on the note; for the suit was prematurely brought, and there was no adjudication on the merits. The relief sought in the two actions was not the same and the judgment in the circuit court in the first suit is no bar to a recovery in the present suit which was brought after the purchase money for the automobile became due. See Black on Judgments, second edition, volume 2, section 714; *New England Bank* v. *Lewis,* 8 Pick. (Mass.) 113; *Kirkpatrick* v. *Stingley,* 2 Carter (Ind.) 269.

So, too, in the case of *Cooper* v. *McCoy,* 116 Ark. 501, 173 S. W. 412, this court held that a former judgment to be a bar against another action, must have been a decision on the merits.

The decree will be affirmed.