BONHAM *v*. BROTHERHOOD OF RAILROAD TRAINMEN.

Opinion delivered November 15, 1920.

1. BENEFICIAL ASSOCIATIONS—MEMBERSHIP—ACTIONS FOR DAMAGES.— An action to recover damages for the wrongful expulsion of a member from a fraternal benefit society may be maintained without first exhausting the remedy by appeal to the tribunals of the society.

2. BENEFICIAL ASSOCIATIONS—MEMBERSHIP—REINSTATEMENT.—Where the purpose of a suit against a beneficial association is to be restored to membership, the courts will not interfere to relieve the member against a sentence of discipline, suspension or expulsion until the means of relief within the order, including appeals, afforded by the rules of the society, have been exhausted.

3. BENEFICIAL ASSOCIATIONS—REINSTATEMENT OF MEMBER.—Where a plaintiff asked for restoration to membership in a fraternal association and for damages for wrongful expulsion, but he agreed that the suit should . be treated as an application for restoration of membership, the remedies by appeal within the society must be invoked before resorting to the courts for relief.

4. BENEFICIAL ASSOCIATIONS—METHODS FOR REDRESSING GRIEVANCES. —Fraternal societies may provide methods for redressing griev- ances and. deciding controversies, and may compel members to resort to the prescribed method of procedure before invoking the power of the courts for reinstatement in the society.

Appeal from Baxter Chancery Court; *L. F. Reeder,* Chancellor; affirmed.

STATEMENT OF FACTS.

W. G. Bonham was expelled from the Brotherhood of Railroad Trainmen, a fraternal association, on the charge of having committed adultery with the wife of his brother, A. G. Bonham.

The prayer of his complaint was for a mandatory injunction to compel the association to restore him to membership and for damages for his alleged wrongful expulsion therefrom. The material facts are as follows:

W. G. Bonham and A. V. Bonham, his brother, were both members of the Brotherhood of Railroad Train- men, which was organized for the purpose of advancing the social, moral and intellectual interests of its mem- bers and to protect their families. The association also issued benefit certificates to its members. The association had a written constitution and by-laws. The by-laws pro- vided for the suspension or expulsion of members and that every member should be entitled to a fair trial for offenses involving suspension or expulsion. The by-laws also provided for the trial of the member upon written charges upon notice previously given him.

W. G. Bonham was employed as a brakeman by the railway company at the time of his expulsion, and he also had a benefit certificate in the association. On Jan- uary 5, 1919, A. V. Bonham filed written charges against his brother, W. G. Bonham, accusing the latter of adul-

tery with his wife. W. G. Bonham was notified that a trial of the charges was set by the local lodge for January 19, 1919, before a committee which had been duly appointed to hear the said charges. W. G. Bonham appeared on that morning, and there was read to the committee appointed to try him an affidavit of the wife of A. V. Bonham, in which she stated that W. G. Bonham had been repeatedly guilty of adultery with her. The committee asked W. G. Bonham if he was guilty or not guilty. He replied that he was not guilty. The committee then told him he could retire from the room. He waited outside for some time, supposing that they were arranging the order of trial, and that they would call him in when they were ready to begin the trial. The committee did not call him in for trial, but reported to the lodge its finding to the effect that he was guilty of the crime of adultery with his brother's wife. The lodge then voted to expel him, and he was duly informed of that fact.

A section of the by-laws provides that if a member believes that an injustice has been done him on the trial of charges preferred against him, he may appeal to the president of the grand lodge within thirty days from the time the verdict is rendered against him.

The section also provides for the method of procedure in such a case. The by-laws further provide that, should the member consider the decision of the president of the grand lodge unjust, he may appeal to the board of directors, and, if its decision is not satisfactory, an appeal to the grand lodge may be taken, whose decision shall be final.

W. G. Bonham appealed to the president of the grand lodge within the time and in the manner provided by the by-laws. The president of the grand lodge sustained the decision of the local lodge. W. G. Bonham did not exercise his right under the by-laws to further prosecute his appeal, but brought this action in the chancery court against the local lodge to compel it to restore

him to membership therein and for damages for his wrongful expulsion.

The attorneys for W. G. Bonham and for the Brotherhood of Railway Trainmen filed in the court below for their respective clients a stipulation as follows:

"It is agreed that in the trial of this case the question of reinstatement shall first be submitted to the court in the same manner as though such question was the sole and only question for trial in the case, and the decision of the court on such question adverse to the plaintiff shall finally dispose of this case in this court and decree shall be entered for the defendant upon the whole case, subject to the right of appeal by the plaintiff." ·

At the trial of the case the plaintiff testified that he was not guilty of committing adultery with his brother's wife, and that he would have so testified at the trial before the committee of the local lodge, had he been permitted to do so.

It was also stipulated that the committee of the local lodge which tried W. G. Bonham and reported him guilty acted in perfect good faith in conducting the trial and making its finding.

The chancellor found the issues for the defendant and it was decreed that the complaint of the plaintiff should be dismissed for want of equity. The case is here on appeal.

*Allyn Smith,* for appellant.

1. The trial of appellant was not such as was provided for by the constitution and by-laws of the order, and he was entitled to be restored. There is no conflict in the evidence. Reasonable notice must be given of the charge and an opportunity to defend himself and a fair hearing. 76 Kan. 520; 22 Mich. 36; 91 S. W. 835; 107 Atl. 531; 67 Mich. 233; 34 N. W. 555. The proceedings to expel a member provided for in the by-laws must be strictly followed, and a member must be given an opportunity to defend himself. 107 Atl. 531; 67 Mich. 233; 35 N. Y. Supp. 214; 179 *Id.* 1; 149 *Id.* 771-4; 56 *Id.* 1052.

2. The trial was on Sunday, and the expulsion was void as against our Sabbath laws.

*Williams & Seawel,* for appellee.

1. Appellant had a fair trial in the order as provided for in its by-laws. Proper charges were filed and notice given of time and place. He had every opportunity to defend, but he made no effort to secure witnesses or introduce any evidence. His expulsion was legal and according to the laws of the order. 96 Ark. 117; 46 *Id.* 291.

2. The question of reinstatement was one purely of discipline, and appellant can not maintain an action in court until he has exhausted his remedies provided him by the order's by-laws. 13 S. W. 379; 69 *Id.* 114; 1 N. E. 571; 44 *Id.* 401; 105 *Id.* 977.

3. The fact that the expulsion was on Sunday was not pleaded, but if it had been it could make no difference. 60 L. R. A. 620; 19 R. C. L. 1250.

HART, J. (after stating the facts). Counsel for the plaintiff insists that one wrongfully expelled from a fraternal benefit society is not bound to exhaust his remedy within the order before seeking a remedy in the civil courts to be restored to membership and for damages for the wrongful expulsion.

Counsel insists that the expulsion was wrongful because he was not given a fair trial within the meaning of the by-laws of the association in that he was not permitted to testify and under oath deny that he was guilty of the charges preferred against him.

In *Independent Order of Sons and Daughters of Jacob of America* v. *Wilkes,* 98 Miss. 179, 52 L. R. A. (N. S.) 817, and in *St. Louis Southwestern Ry. Co. of Texas* v. *Thompson,* 102 Tex. 89, 19 Ann. Cas. 1250, the court held that an action to recover damages for the wrongful expulsion of the plaintiff from a fraternal benefit society may be maintained without first exhausting the remedy by appeal to the tribunals of the society. In each of the cases the court recognized that on appli-

cation to restore plaintiff to membership in the society the civil courts would not take jurisdiction until the applicant had exhausted his remedies under the laws of the society. The court said, however, that the same reason does not apply in a suit for damages. It was said that the right to apply to the courts for redress of injuries where property rights were involved exists in favor of all citizens and could not be abridged by any association except by consent of the members. In such a case the society would not be concerned in the member continuing in the order and would, therefore, have no ground upon which to stand in demanding that the remedy by appeal under the by-laws of the order should be exhausted before the society was called upon to respond in damages for wrongfully expelling one of its members. The case is different, however, where the expelled member seeks reinstatement in the order and asks to be restored to the rights and privileges of its members. In such a case the society is interested in the reinstatement of the member and his continuance in the order. The order in the present case was organized to promote the social and moral interests of its members and to protect their families. In order to do this, it provided for the expulsion of its members for certain causes. The control and discipline of its members within the limits provided for in the order is a part of the purpose of the organization of the association, and to accomplish this end the by-laws providing for the trial of the members and for appeals were established. The general rule is that, where the purpose of the suit is to be restored to membership in the society, the courts will not interfere to relieve a member against a sentence of discipline, suspension, or expulsion until the means of relief within the order, including appeals, afforded by the rules of society have been exhausted. 7 C. J., p. 1123, § 84, and cases cited in note 10. Many decisions from various courts of last resort of the several States are cited in support of the text; and we think the rule just announced is the correct one. This brings us to the consideration of the

question of whether the object of the present suit is merely to reinstate the member in the association or is an action for damages for the wrongful expulsion of the member.

The prayer of the complaint of the plaintiff seeks relief in both these respects. However, a stipulation as to the object of the suit was filed by the parties in the court below. The material part of the stipulation has been copied in our statement of facts and need not be repeated here. Reference to it will show that the plaintiff elected to treat this suit as an application to be restored to membership in the society. Treated as proceeding to restore his membership in the society, the decision of the court below was correct. The by-laws provide that the member may appeal from an adverse decision of the president of the grand lodge to the board of directors and in turn from that body to the grand lodge, whose decision shall be final.

Without discussing the question of whether or not the decision of the highest appellate tribunal of the society would be conclusive, we are of the opinion that the contract of the plaintiff with the society required him to first seek redress within the society itself by carrying the question to the highest tribunal in cases where the purpose is to be restored to membership in the society. The decided weight of authority is that fraternal organizations like the one in question may provide methods for redressing grievances and deciding controversies, and may compel members to resort to the prescribed method of procedure before invoking the power of the courts for reinstatement in the society. The members voluntarily enter such organizations and subscribe to their by-laws which, as we have above seen, are enacted alike for the protection of the members and the society. Hence where the member seeks to be restored to his rights and privileges in the society, he must pursue the course prescribed by the by-laws before resorting to the courts to enforce his claim.

It follows that the decree must be affirmed.