WALLIS *v.* MAGNET COVE RURAL SPECIAL SCHOOL DISTRICT.

Opinion delivered June 10, 1929.

*N. A. McDaniel,* for appellant.

*D. E. Waddell, Joe W. Kimzey* and *R. Farmer Tackett,* for appellee.

SMITH, J.   The residents of common school districts in Hot Spring County known as Magnet Cove, Meadow View and Butterfield filed petitions with the board of education of that county to consolidate these districts into a rural special school district to be known as Rural Special School District No. 8.   These petitions were

presented to the board of education on July 16, 1928, and an election was ordered to be held on July 26.

Citizens of Meadow View School District gave notice that they would apply for a restraining order to prevent the holding of this election, and on July 21 another petition was filed by residents of Magnet Cove and Butterfield districts, praying that those districts be consolidated. The prayer of this petition was granted on the day it was filed, and an election was ordered to be held on the question of the consolidation of these two last-named districts into a rural special school district. This election was held, and, excepting one resident of District No. 45, known as the Butterfield District, only electors of District No. 8—or the Magnet Cove District—voted. A unanimous vote was cast for consolidation.

Certain residents of the Butterfield District brought suit in the circuit court to contest this election, and, as grounds therefor, alleged numerous irregularities in connection with the petition ordering the election and in holding it. The circuit court dismissed this suit upon the ground that the contest had not been filed within fifteen days after the date of the election, before the board of education, as required by § 8878, C. & M. Digest.

The order dismissing that suit was entered October 1, and on October 6 suit was brought in equity against the persons who had been elected as directors at the election on July 31 to prevent them from discharging the duties of directors of the consolidated rural special school district. The charges of irregularities and fraud were renewed in this complaint, and it was alleged that the order of the board of education calling the election which was held on July 31 was void as being unauthorized by law. This suit was dismissed by the chancellor as being without equity, and an appeal has been prosecuted to reverse that decree.

It may be said that the judgment of the circuit court in dismissing the action pending there, in which the validity of the election was raised, is conclusive of

all questions concerning the regularity of this election or of fraud in holding it. The circuit court had jurisdiction to determine these questions, and the judgment of the court, until set aside by its own order or reversed by this court, is final and conclusive. But the action of the circuit court in dismissing the contest as not having been taken in time is not conclusive of the question of the power of the board of education to order the election. That question has not been determined.

In the case of *Cooper* v. *McCoy,* 116 Ark. 595, 173 S. W. 413, it was said:

"It is well settled that a former judgment in order to be a bar must have been a decision of the merits of the cause. In *Smith* v. *McNeal,* 109 U. S. 426, (3 S. Ct. 319), the court, quoting from *Hughes* v. *U. S.,* 4 Wall. 232, said: 'In order that a judgment may constitute a bar to another suit it must be rendered in a proceeding between the same parties or their privies, and the point of controversy must be the same in both cases, and must be determined on its merits. If the first suit was dismissed for defect in pleadings or parties, or a misconception of the form of the proceeding, or the want of jurisdiction, or was disposed of on any ground which did not go to the merits of the action, the judgment rendered will prove no bar to another suit.' " See also *Sauls* v. *Sherrick,* 121 Ark. 594, 182 S. W. 269; *Quisenberry* v. *Davis,* 136 Ark. 115, 206 S. W. 139; *Howard-Sevier Road Imp. Dist.* v. *Hunt,* 166 Ark. 62, 265 S. W. 517.

We are of the opinion that the board of education had no power to make the order on July 21 calling the election to be held July 31, for the reason that, at the time the order was made, there was an unrevoked order of the board calling an election to be held, affecting a portion of the same territory, on July 26.

Section 8835, C. & M. Digest, reads as follows: "When an election has been called under the provisions of this act, no election can be ordered on another petition embracing the same territory or any part thereof

until an adverse vote has been had on the first petition, or the time for holding the election first called shall have passed without said election being held.''

The obvious purpose of this section of the statute was to prevent just such confusion as has occurred here. The board of education might, of course, revoke an order calling an election, and if this were done there would be no order calling an election; but, if the order is not revoked or set aside, the power does not exist in the board of education to call another election embracing the same territory, or any part of it, until an adverse vote has been had, or the time for holding the election first called shall have passed. Here the second election was called before there had been an adverse vote on the first petition and before the time for holding the election first called had passed. There was therefore no authority under the law to order the second election when the board made that order, and the election held thereunder was a nullity. In the case of *Simpson* v. *Teftler,* 176 Ark. 1087, 5 S. W. (2d) 350, it was said that ''any election held without authority is a nullity.''

It was stipulated by opposing counsel that the chairman of the board of education ''would testify that the board at no time made an order revoking the election called upon the first petition, but that, after the notice for the restraining order had been served upon them and the directors of each district, it was agreed by the board that that election be abandoned and not held.''

The board can only act when convened as such. There must be a meeting at which all are present, or of which all have notice, and a formal order of the board, such as that of July 16, can only be rescinded or revoked by the vote of a majority of a quorum of the board at a board meeting. No such action was taken, and the election of July 31 was therefore held without authority of law, and was a nullity.

The decree of the court below will therefore be reversed, and the cause will be remanded with directions

to the chancery court to enter a decree conforming to this opinion.