4-6092                                    144 S. W. 2d 707

Opinion delivered November 18, 1940.

*W. J. Dungan,* for appellant.

*Ross Mathis,* for appellee.

HOLT, J.   February 8, 1938, a petition was filed in the Woodruff county court by certain landowners seeking to annex lands described in the petition to Fencing District No. 6 of Woodruff county in accordance with the provisions of §§ 5786-5787 of Pope's Digest.

After proper notice, and no remonstrance having been filed to this petition, the matter was heard by the county court on May 17, 1938, and no opposition to annexing the territory as prayed in the petition being offered, the county court made an order May 17, 1938, directing that the territory be annexed to the district in accordance with the prayer of the petition. In apt time an appeal was taken from this order of the county court to the circuit court and upon a hearing, it appearing that

neither a majority in value nor acreage of the land affected favored the petition for annexation, by agreement of counsel for the parties, the petition for annexation was denied by the circuit court and the order of the county court annexing said territory was reversed.

Thereafter, on December 6, 1938, three of the original petitioners and landowners, along with 17 other owners of lands affected, filed another petition seeking to have their lands annexed to and included in Fencing District No. 6 of Woodruff county.

December 31, 1938, two landowners filed a remonstrance to this petition.

After proper notice, a hearing was had on this petition and remonstrance, on December 31, 1938, and the county court entered an order denying the prayer of the petition in the following language: "It is the opinion of this court that it is not for the best interest of all concerned to enlarge this district at present."

In apt time an appeal was prosecuted from this order of the county court to the circuit court and upon a hearing the court upheld the county court and found "that the said petition should have been and the same is dismissed." From this judgment appellants bring this appeal.

While we cannot tell from the judgment of the Woodruff circuit court, entered on December 31, 1938, on what specific ground, or grounds, it was based, it was the contention of appellees at the trial wherein the judgment in their favor was rendered, and they urge here on appeal, that the petition to annex the territory in question to Fencing District No. 6 of Woodruff county was properly denied (1) because the order of the county court entered December 31, 1938, was not a final judgment from which an appeal might be taken; and (2) that the judgment of the circuit court dated the 5th day of October, 1938, on the first petition filed February 8, 1938, settled all issues presented in the second petition, is in bar thereof, and the doctrine of *res judicata* should and does apply.

1.  We think the order of the court set out, *supra,* is final in effect, and one from which an appeal could be, and was, properly taken. While the order may not be as specific as it might have been, we think its meaning and effect clear. Its effect·is to deny the petition and the annexation of the lands. to the district in question. When this order is construed in the light of the issues raised and the relief sought, we think it must be considered as a final judgment. In *Nakdimen* v. *Brazil,* 137 Ark. 188, 208 S. W. 431, this court said: "The decree of the court must be construed with reference to the issues raised and evidence adduced to sustain those issues."

2.  We are also of the view that appellees' second contention is without merit. Appellants are proceeding under the provisions of §§ 5786-5787 of Pope's Digest, which are as follows:

"Section 5786. When any number of landowners owning lands near or adjacent to any fencing district organized under and pursuant to the law shall present to the county court a petition in writing accompanied by a map, giving description and setting forth such land as they desire to have inclosed in any fencing district embraced within the inclosure of the fence of said district, it shall be the duty of the county court to give a notice by publication in some newspaper published in said county for a period of not less than twenty days of a hearing upon said petition, calling upon all persons whose lands or interests may be affected by such petition to appear and show cause, if any, why the prayer of petitioner should not be granted.

"Section 5787. If upon such hearing the county court shall deem that owners of a majority in value or acreage of the land affected favor such petition and that said lands should be inclosed within said district and protected by the inclosure of fences, kept and maintained by said district, it shall be the duty of the court to make an order inclosing said lands in said district and to direct commissioner of the district to make such alteration of

the fences kept and maintained by said district as may be necessary to bring said lands within such inclosure."

The first petition was filed February 8, 1938, by some four or five landowners and this petition failed because it was conceded that the petitioners did not constitute a majority in value or acreage of the lands sought to be annexed. The second petition was filed December 6, 1938, and contained the names of three of the original petitioners, along with 17 other separate landowners in the district affected. The parties to the two actions were not the same. Different and additional lands and landowners were embraced in the petition so that the conditions surrounding the filing of the second petition were entirely different. In fact it is conceded by the appellees that the second petition contained a majority in value, of the lands or acreage sought to be annexed. We quote from appellees' counsel as follows: "Mr. Mathis: We concede for the purpose of the record, that the petition now being heard by the court contains a majority in acres and value of the lands embraced for annexation."

Under this situation, the plea of *res judicata* should have been denied by the court below. In the case of *Cooper* v. *McCoy,* 116 Ark. 501, 173 S. W. 412, this court said: "In *Smith* v. *McNeal,* 109 U. S. 426, 3 S. Ct. 319, 27 L. Ed. 986, the court, quoting from *Hughes* v. *U. S.,* 4 Wall. 232, 18 L. Ed. 303, said: 'In order that a judgment may constitute a bar to another suit it must be rendered in a proceeding between the same parties or their privies, and the point of controversy must be the same, in both cases, and must be determined on its merits'."

We know of no valid ground that would prevent the filing of the second petition, in the instant case, at any time subsequent to the judgment of the Woodruff circuit court on the 5th day of October, 1938, nor do we know of any reason (and none has been called to our attention) why three of the parties to the first petition could not join other and additional parties in the second petition.

Since it is conceded in the instant case that the second petition which was filed December 6, 1938, contained a majority in acreage or value of the lands embraced for annexation in this petition, then with this fact ascertained, on the record before us, we think the court abused its discretion in refusing to make the order of annexation.

We conclude, therefore, that the trial court erred in denying appellants' petition for annexation and accordingly the judgment is reversed and the cause remanded with directions to grant the prayer of appellants' petition, and for further proceedings not inconsistent with this opinion.