Raymond F. STIPSKY, James C. Carrar, and Gordon Loiselle, Plaintiffs,

v.

NON–COMMISSIONED OFFICERS AS-SOCIATION OF AMERICA (NCOA), Ammest Life Insurance Company, Academy Life Insurance Company, and Five Star Affiliate, Inc., Defendants.

No. LR–C–85–266.

United States District Court, E.D. Arkansas, W.D.

Oct. 9, 1985.

Lesly Mattingly, Jacksonville, Ark., for plaintiffs.

Edwin L. Lowther, Jr., Wright, Lindsey & Jennings, Little Rock, Ark., for defendants.

ORDER

HENRY WOODS, District Judge.

Pending before the Court is the defendants' motion for summary judgment. Defendants assert res judicata relying on a previous summary judgment ruling by the Pulaski County Chancery Court in an injunction action brought by the plaintiffs seeking reinstatement as members of NCOA.

Res judicata is an affirmative defense, Fed.R.Civ.P. 8(c), and the burden of proof is upon the party asserting it. *Bryson v. Guarantee Reserve Life Ins. Co.*, 520 F.2d 563, 566 (8th Cir.1975); *May v. Edwards*, 258 Ark. 871, 529 S.W.2d 647, 650 (1975);

*Hurst v. Hurst,* 255 Ark. 936, 504 S.W.2d 360, 361 (1974).

The general rule in Arkansas is that in order for the doctrine of res judicata to apply it must appear that the particular matter involved was raised and determined or that it was necessarily within the issue and might have been litigated in the previous action. *May v. Edwards, supra,* 529 S.W.2d at 650; *Pepper v. Bankers Life & Casualty Co.,* 414 F.2d 356, 358 (8th Cir. 1969) (applying Arkansas law).

The record indicates that the sole issue involved in the prior action in state court was the wrongful termination of plaintiffs as members in the NCOA. The Chancellor appropriately ruled that Arkansas law requires societal remedies be exhausted *prior* to resorting to the courts in fraternal membership disputes. *Bonham v. Brotherhood of R.R. Trainmen,* 146 Ark. 117, 225 S.W. 335 (1920). However, the holding of the chancery court was more in the nature of a dismissal without prejudice than summary judgment on the merits. Given the facts as plead in the prior action and the record, it is clear that plaintiffs' procedural remedies were within the NCOA. This is not to say that their action could not have ripened into a justiciable matter at the conclusion of this internal process.

On the other hand, the present action is based on the alleged business harm suffered by the plaintiffs as a result of defendants' withdrawing their status as NCOA counselors and life insurance agents. While it is accurate to state that plaintiffs "might" have litigated this issue in the prior state court action by amending their complaint to include these claims, they were not afforded this opportunity due to the dismissal of their action on procedural grounds. Although not specifically mentioned, "election of remedies" is an essential element of defendants' contention with respect to res judicata. The Court is of the opinion that plaintiffs' failure to initially pursue their claim for possible damages is not fatal to their assertion of the claim at this time.

The Restatement of the Law, Judgments, § 65(2) states the rule that "where a judgment is rendered in favor of the defendant because the plaintiff seeks a forum of remedy which is not available to him, the plaintiff is not precluded from subsequently maintaining an action in which he seeks an available remedy." Comment (g) in subsection (2) further states in pertinent part that "[W]here a judgment is rendered against a plaintiff because he sought a remedy which was not available to him ... the judgment is not on the merits, and the plaintiff is not thereby precluded from subsequently maintaining an action to enforce a proper remedy (see § 49)." *See Warren v. Neel,* 284 F.Supp. 203, 212 (W.D.Ark.1968). In stating the doctrine of res judicata, the courts usually refer to the fact that the judgment sought to be used as a basis of the doctrine was rendered on the merits, since it is a general rule that a judgment rendered on any grounds which do not involve the merits of the action may not be used as a basis for the operation of the doctrine of res judicata. *See generally, Warren Co. v. Neel, supra; Cooper v. McCoy,* 116 Ark. 501, 173 S.W. 412 (1915); *Brooks v. Arkansas Louisiana Pipeline Co.,* 77 F.2d 965 (8th Cir.1935); *Charles Keechin, Inc. v. Farmers & Merchants Bank of Rogers,* 199 F.Supp. 478 (W.D.Ark.1961); and *Hogue v. Pellerin Laundry Machinery Sales Co.,* 353 F.2d 772 (8th Cir.1965). The doctrine of res judicata is based on the assumption that the litigant has already had her day in court. *Martin v. Citizens Bank of Beebe,* 283 Ark. 145, 672 S.W.2d 754 (1984). Accordingly, defendants have failed to meet their burden of establishing that this action is barred by the prior state court ruling as being on the merits of plaintiffs' alleged damages claim.

The motion for summary judgment is denied.