SMITH and Another *v.* McNEAL and Another.

IN ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE WESTERN DISTRICT OF TENNESSEE.

Argued November 15th, 16th, 1883.—Decide November 26th, 1883.

*Estoppel—Limitations—Statutes of Tennessee.*

A suit was begun, within the seven years prescribed by the Statute of Limitation of the Code of Tennessee, in the Circuit Court of the United States for the Western District of Tennessee, for the recovery of land, which was

dismissed for want of jurisdiction, by reason of the omission in the pleadings of a jurisdictional fact which actually existed. Within one year thereafter the plaintiff in the former suit commenced another suit in the same court against the same parties, to recover the same land, and set up the jurisdictional fact: *Held*,

1. That, although the second suit was begun more than seven years after the cause of action arose, it was within the saving clause of article 2755 of the Code of Tennessee, providing that: "If the action is commenced within the time limited, but the judgment or decree is rendered against the plaintiff and upon any ground not concluding his right of action, or where the judgment or decree is rendered against the plaintiff and is arrested or reversed on appeal, the plaintiff, or his representatives and privies, as the case may be, may from time to time commence a new action within one year after the reversal or arrest."

2. The doctrine that a dismissal of a suit for want of jurisdiction is no bar to a second suit for the same cause of action reaffirmed and the authorities cited.

December 31st, 1873, the plaintiffs in error brought suit against defendants in the Circuit Court of the United States for the Western District of Tennessee to recover forty acres of land. The declaration described the land and averred that the plaintiffs were possessed thereof, claiming in fee through a certificate of the United States district tax commissioners, naming them, under an act of Congress, entitled " An Act for the collection of taxes in insurrectionary districts within the United States and for other purposes," and the acts amending the same of January 1st, 1865, and that after such possession accrued the defendants, on December 1st, 1865, entered upon the premises and unlawfully withhold and detain the same, etc.

Two of the defendants, McNeal and Caruthers, demurred to the declaration, first, because it did not sufficiently describe the property sought to be recovered; and, second, because it did not show that the plaintiffs were not citizens of the State of Tennessee so as to give the court jurisdiction of the cause.

On February 24th, 1877, the court sustained the demurrer, upon the ground that it had "no jurisdiction of the cause of action in plaintiffs' declaration alleged and set forth," and dismissed the suit.

Afterwards, on October 20th, 1877, the plaintiffs in error brought the present suit against the same defendants in the

same court to recover the same tract of land. The declaration in this cause was identical with that in the former action, except that in this case the following averment was added:

"Defendants do not claim under, but adversery to, and deny the validity of plaintiffs' claim of title under the aforesaid acts of Congress, and the validity of plaintiffs' claim of title under the aforesaid acts of Congress is the only question in controversy between the plaintiffs and defendants."

The defendants pleaded the seven years' limitation prescribed by the statute of Tennessee, to which the plaintiffs pleaded the following replication:

"Now come the plaintiffs, by attorneys, and as to defendants' plea herein pleaded say, that on the 31st of December, 1873, and within seven years from the time the plaintiffs' cause of action accrued, the plaintiffs brought suit against defendants in this court to recover possession of the same premises whereof plaintiffs here now seek to recover possession; and the said suit was commenced upon the same cause of action that the plaintiffs' now writ and action are founded. That the said action, so commenced as aforesaid, was duly prosecuted by plaintiffs until the 1st of September, 1877, upon which day a judgment (which said judgment remaining of record in this court is referred to) was therein rendered by said circuit court upon a ground not concluding their said right of action. The record of said former suit remains in this court, and plaintiffs here make profert of the same; all of which plaintiffs are willing to certify."

The defendants demurred to this replication on two grounds: first, because it appeared by the judgment referred to and made a part of the replication, that said judgment was upon the merits; and, second, because it appeared from the record of said former suit that the court in which it was brought had no jurisdiction thereof, and said suit was dismissed for want of jurisdiction.

The cause was heard upon this demurrer, which the court sustained, and entered judgment dismissing plaintiffs' suit.

To reverse that judgment this writ of error was brought.

*Mr. Samuel Shellabarger* for plaintiffs in error.
*Mr. P. Phillips* for defendants in error.

MR. JUSTICE WOODS delivered the opinion of the court.

The question presented by the record is the sufficiency of the plaintiffs' replication to the defendants' plea of the seven years' statute of limitation.

The limitation relied on by defendants is that prescribed by article 2765 of the Code of Tennessee, which is as follows:

"No person, or any one claiming under him, shall have any action, either at law or in equity, for any lands, etc., but within seven years after the right of action has accrued."

The plaintiffs in error contend that their present action is saved from the bar of this statute by the provision of article 2755 of the Code, which is as follows:

"If the action is commenced within the time limited, but the judgment or decree is rendered against the plaintiff upon any ground not concluding his right of action, or when the judgment or decree is rendered in favor of the plaintiff and is arrested or reversed on appeal, the plaintiff or his representatives or privies may commence a new action within one year after the reversal or arrest."

The question of law upon which the parties are at issue, is whether the judgment rendered February 24th, 1877, by which the suit begun December 31st, 1873, was dismissed, the dismissal being on the ground that the court had no jurisdiction of the cause of action set out in the declaration, falls within the saving of this section as being rendered on a ground not concluding the plaintiffs' right of action.

It is well settled that the judgment of a court dismissing a suit for want of jurisdiction does not conclude the plaintiffs' right of action.

In *Walden* v. *Bodley*, 14 Pet. 156, it was said by this court:

"A decree dismissing a bill generally may be set set up in bar of a second bill having the same object in view, but when the bill

has been dismissed on the ground that the court had no jurisdiction, which shows that the merits were not heard, the dismissal is not a bar to the second suit."

So in the case of *Hughes* v. *United States*, 4 Wall. 232, this court declared:

" In order that a judgment may constitute a bar to another suit it must be rendered in a proceeding between the same parties or their privies, and the point of controversy must be the same in both cases, and must be determined on its merits. If the first suit was dismissed for defect of pleadings or parties, or a misconception of the form of proceeding, or the want of jurisdiction, or was disposed of on any ground which did not go to the merits of the action, the judgment rendered will prove no bar to another suit." See also Greenleaf's Evidence, sections 529, 530, and cases there cited.

The cases would seem to settle the question against defendants in error, for they decide that the dismissal of a suit for want of jurisdiction is upon a ground not concluding the right of action. Defendants in error, however, contend that the bringing of a suit in a court having no jurisdiction thereof was gross negligence, and that the current of authority is against extending the terms of the statute to let in one guilty of it.

Cases might be supposed, perhaps, where the want of jurisdiction in the court was so clear that the bringing of a suit therein would show such gross negligence and indifference as to cut the party off from the benefit of the saving statute, as if an action of ejectment should be brought in a court of admiralty, or a bill in equity should be filed before a justice of the peace.

But the suit between these parties, which was begun December 31st, 1873, is far from being such a case. There is nothing in the record to show that it was dismissed for any inherent want of jurisdiction in the court in which it was brought.

We think that on December 31st, 1873, when said first suit was brought, the circuit courts of the United States, under the second section of the act of Congress of March 2d, 1883, entitled an act further to provide for the collection of duties on imports, 4 Stat. 632, had jurisdiction of a suit brought to re-

cover lands purchased at a sale for taxes made under authority of the act of June 7th, 1862, for the collection of taxes in insurrectionary districts, where the title so derived was disputed by defendants. The defect was in the declaration, which, although it averred that plaintiffs claimed title under the revenue laws of the United States, did not aver that their title in that respect was disputed by defendants. Had such an averment been made, the jurisdiction of the court would have appeared on the face of the declaration. *Ex parte Smith,* 94 U. S. 455.

The first suit was therefore dismissed, because the declaration did not state the jurisdictional facts upon which the right of the court to entertain the suit was brought. In other words, the case was dismissed for a defect in pleading. In the present suit the defect of the declaration in the first suit is supplied.

We are of opinion, therefore, that the plaintiffs in error are entitled to the benefit of article 2755 of the Code of Tennessee, for their judgment in the first suit was not upon any ground concluding their right of action, nor have they been guilty of such negligence or carelessness in the bringing of their first suit as should exclude them from the benefit of the said article.

In support of the proposition that plaintiffs in error have not been guilty of such negligence as should exclude them from the benefit of article 2755, the case of *Cole* v. *The Mayor and Aldermen of Nashville,* 5 Cold. (Tenn.) 639, is much in point. See also *Memphis & Charleston Railroad Company* v. *Pillow,* 9 Heiskell (Tenn.), 248; *Weathersly* v. *Weathersly,* 31 Miss. 662; *Woods* v. *Houghton,* 1 Gray, 580; *Coffin* v. *Cottle,* 16 Pick. 383; *Givens* v. *Robbins,* 11 Ala. 156; *Skillington* v. *Allison,* 2 Hawks. (N. C.) 347; *Lansdale* v. *Cox,* 7 J. J. Marsh (Ky.), 391; *Phelps* v. *Wood,* 9 Vt. 399; *Spear* v. *Newell,* 13 Vt. 288; *Matthews* v. *Phillips,* 2 Salk. 424; *Kinsey* v. *Hayward,* 1 Ld. Raym. 432.

*The judgment of the circuit court must be reversed, and the cause remanded to the circuit court for further proceedings in conformity with this opinion.*