### JOHNSON et al. v. UNITED STATES.
### No. 1586.

District Court, D. Montana.
March 22, 1933.

Smith, Mahan & Smith, of Helena, Mont., for plaintiffs.

Wellington D. Rankin, U. S. Atty., of Helena, Mont., and D. D. Evans, Chief Atty., Veterans' Administration, of Fort Harrison, Mont., for the United States.

BOURQUIN, District Judge.

To the complaint upon a war risk insurance policy, the general demurrer is on the theory the court has no jurisdiction for that the action is too late.

The complaint alleges the policy; the contingency upon which payable happening February 15, 1919; the claim made June 15, 1931; action brought upon it July 2, 1931; denial of the claim by the director October 13, 1931, of which notice was mailed to but not received by insured; and dismissal of said action December 28, 1932, but not on the merits. Said complaint was filed herein January 13, 1933.

The statute authorizes suit to be brought only after denial of the claim, and that suit shall not be allowed unless so brought within six years of the happening of the contingency; but "if suit is seasonably begun and fails for defect in process, or for other reasons not affecting the merits, a new action, if one lies, may be brought within a year though the period of limitations has elapsed." 38 USCA § 445.

It is familiar law that in this case, as in all others against the United States, the right to sue exists only by virtue of statute, and the action can be maintained only by compliance with the conditions the statute imposes.

Here, the statute is that the insured's right to the money accrued when the contingency happened, but his right to sue, the jurisdiction of the court to entertain or allow the action, arose only when claim by insured made was by the director denied. It follows that his former action brought before claim denied was premature, but it was dismissed for want of prosecution only, for that the complaint untruly alleged the jurisdictional disagreement had occurred.

As the said action was premature, it was not "seasonably begun," it was a nullity, and so it affords no basis to extend limitations and authorize the court to allow the instant action,

which it would, had the former action been "seasonably begun" as the statute provides.

"Seasonably" means timely; in proper time; time in which action is appropriate and can be effective.

Had the statute omitted the words "seasonably begun," and unconditionally authorized allowance of a second action upon dismissal of the first for reasons in the statute stated, the result would be quite otherwise.

As it is, the condition must be enforced, the court without jurisdiction to do otherwise. Cases in respect to limitations and new actions unconditionally granted by statute afford no analogy.

The motion to dismiss must be and is granted.