## JOHNSON et al. v. UNITED STATES.
### No. 7230.

Circuit Court of Appeals, Ninth Circuit.
Jan. 15, 1934.

Smith, Mahan & Smith, of Helena, Mont., and Molumby, Busha & Greenan, of Great Falls, Mont., for appellants.

Wellington D. Rankin, U. S. Atty., D. L. Egnew, Asst. U. S. Atty., and D. D. Evans, Chief Atty., U. S. Veterans' Administration, all of Helena, Mont.

Before WILBUR, SAWTELLE, and GARRECHT, Circuit Judges.

SAWTELLE, Circuit Judge.

Appellants are the executrices of the estate of John C. Schnarr, deceased, who died on August 5, 1932, and who will hereinafter be referred to as the decedent. Appellants sued to recover for the estate of decedent a certain sum alleged to have accrued to decedent in his lifetime by reason of his total and permanent disability contracted while in the service of the United States Army and insured against by the usual policy of war risk insurance.

It appears from the allegations of the complaint that on July 2, 1931, decedent filed an action in the court below to recover the benefits of his war risk insurance policy. This was one day before the statute of limitations would have run against his action. Prior thereto, on June 15, 1931, decedent had made demand upon the United States Veterans' Administration for the benefits of his policy of war risk insurance, claiming to have been totally and permanently disabled prior to the lapse of the policy. His claim was denied by the Veterans' Bureau by a letter dated October 19, 1931, which letter, it is alleged, was never received by decedent. There is no allegation as to when such notice was received. It will thus be noted that the action was filed before any disagreement existed between the Veterans' Bureau and the insured. On December 28, 1932, after the death of the plaintiff, the court dismissed the action for failure to prosecute.

Thereafter, on January 31, 1933, appellants, as aforesaid, commenced this action to recover for the estate of decedent the benefits of his war risk insurance policy. The court below sustained the government's demurrer to appellants' complaint on the

ground that the action filed by decedent in his lifetime was not "seasonably begun" within the meaning of section 19 of the World War Veterans' Act, as amended by the Act of July 3, 1930, 46 Stat. 992, 38 USCA § 445, and that therefore the instant suit is barred by limitations. This ruling is the only question presented for review.

The statute in question provides that, in the event of disagreement as to claim, suit may be brought on the policy; that no suit shall be allowed unless brought within six years after the right accrued for which claim is made, or within one year after July 3, 1930, whichever is the later date; that the period of limitations is suspended for the period elapsing between the filing of the claim and the denial thereof; and that "If suit is seasonably begun and fails for defect in process, or for other reasons not affecting the merits, a new action, if one lies, may be brought within a year though the period of limitations has elapsed."

In its memorandum decision sustaining the demurrer ([D. C.] 2 F. Supp. 999), the court said:

"Here, the statute is that the insured's right to the money accrued when the contingency happened, but his right to sue, the jurisdiction of the court to entertain or allow the action, arose only when claim by insured made was by the director denied. It follows that his former action brought before claim denied was premature, but it was dismissed for want of prosecution only, for that the complaint untruly alleged the jurisdictional disagreement had occurred.

"As the said action was premature, it was not 'seasonably begun,' it was a nullity, and so it affords no basis to extend limitations and authorize the court to allow the instant action, which it would, had the former action been 'seasonably begun' as the statute provides."

We cannot concur in the view that the action prematurely filed by decedent was a nullity and therefore "affords no basis to extend limitations." On the contrary, we are of opinion that that action had the effect of tolling the statute of limitations, and, the action having failed for "reasons not affecting the merits," that the one-year saving clause afforded by the statute may now be invoked by decedent's representatives. In so stating we are not unmindful that at the time the action was filed the court was without jurisdiction to proceed on the merits because of the absence of a disagreement between the insured and the Veterans' Bureau; such dis-

agreement being a jurisdictional prerequisite to an action on a policy of war risk insurance. United States v. Burleyson (C. C. A. 9) 44 F.(2d) 502. Nevertheless, we are of opinion that the action filed by decedent had the effect of tolling the statute.

Our conclusion is supported by the majority of the decisions wherein was considered the question of whether an action commenced in a court which lacked jurisdiction thereof had the effect of tolling the statute of limitations and allowing a new action to be commenced after the statute had run, but within the period allowed by the applicable saving statute. See 37 C. J. 1090.

In Gaines v. City of New York, 215 N. Y. 533, 109 N. E. 594, 596, L. R. A. 1917C, 203, Ann. Cas. 1916A, 259, it appears that the plaintiff had brought suit in the City Court against the city of New York for alleged negligence on the part of the city in failing to maintain proper lights on a bridge, as a result of which plaintiff's automobile was damaged by running into a steel truss which formed part of the bridge; the bridge being at the time enveloped in a cloud of steam from a passing train. Plaintiff's action was commenced within the one-year period of limitations applicable thereto, but was dismissed for the reason that the City Court has no jurisdiction of actions against the city of New York. Thereafter, more than a year after the accident, plaintiff brought his suit in the Municipal Court and recovered judgment. The judgment was reversed by the Appellate Term (whose determination was affirmed by the Appellate Division) on the ground that the action was barred by limitations.

Section 405 of the Code of Civil Procedure of New York (now Civil Practice Act N. Y. § 23), which, it will be noted, is similar to but not as broad in its scope as the applicable statute in the case at bar, provides that:

"If an action is commenced within the time limited therefor, and a judgment therein is reversed on appeal without awarding a new trial, or the action is terminated in any other manner than by a voluntary discontinuance, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff * * * may commence a new action for the same cause after the expiration of the time so limited and within one year after such a reversal or termination."

The decision of the intermediate appellate courts in the Gaines Case was based on the ground that that statute does not apply where the first action has been dismissed for lack

of jurisdiction; that such an action is a nullity for all purposes. But the Court of Appeals was of opinion that plaintiff's first action had tolled the statute of limitations. After stating that the statute under consideration is similar to the English Limitation Act of 1623 (21 Jac. I, c. 16, § 4), and after tracing the legislative history of the act in the state of New York, the court, speaking through Judge Cardozo, said:

"That the plaintiff's case is within the letter of the statute is hardly doubtful. He brought an action against the defendant, and the action was terminated otherwise than by a voluntary discontinuance, a dismissal of the complaint for neglect to prosecute, or a final judgment upon the merits. If the protection of the statute is to be denied to him, it ought to be clearly shown that his case, though within the letter of the statute, is not within its reason. We think that the defendant has been unable to sustain that burden. The statute is designed to insure to the diligent suitor the right to a hearing in court till he reaches a judgment on the merits. * * * The important consideration is that, by invoking judicial aid, a litigant gives timely notice to his adversary of a present purpose to maintain his rights before the courts. When that has been done, a mistaken belief that the court has jurisdiction stands on the same plane as any other mistake of law. Questions of jurisdiction are often obscure and intricate. This very question of the power of the City Court to determine actions against the city of New York will illustrate that truth. * * * There is nothing in the reason of the rule that calls for a distinction between the consequences of error in respect of the jurisdiction of the court and the consequences of any other error in respect of a suitor's rights.

"The defendant argues that an action dismissed for want of jurisdiction is a nullity in the same sense as if it had never been begun at all. But that is an extreme view. Such an action has at least some of the consequences of an action begun in a court of competent jurisdiction. It is the rule in this state that a dismissal for lack of jurisdiction does not strip the court of power to render judgment for the costs. [Citing cases.] For some purposes, therefore, we may speak of an action as pending, though the court is without jurisdiction to adjudicate its merits. It seems that in the federal courts the power to award costs, where there is a failure of jurisdiction, has been disputed. Mayor v. Cooper, 6 Wall. 247, 18 L. Ed. 851; Citizens' Bank v. Cannon, 164 U. S. 319, 324, 17 S. Ct. 89, 41 L.

Ed. 451. Even in those courts, however, the sentence or determination of a court dismissing a cause for want of jurisdiction is held to be a judgment (Mansfield, C. & L. M. Co. v. Swan, 111 U. S. 379, 387, 4 S. Ct. 510, 28 L. Ed. 462); and, when reviewed by writ of error or appeal, costs in the reviewing tribunal will be awarded to the prevailing party (Mansfield, C. & L. M. Co. v. Swan, supra). But it is not upon the ground that the plaintiff became liable for the costs that we rest our decision. We construe the statute broadly in the light of its history and purpose. If the first action had resulted in a judgment for the plaintiff, and the defendant had prevailed upon appeal, it would be a strained use of language to say that no action had ever been begun. * * *

"A suitor who invokes in good faith the aid of a court of justice, and who initiates a proceeding by the service of process, must be held to have commenced an action within the meaning of this statute, though he has mistaken his forum. We are asked what ought to be held, if a litigant sues on a promissory note in the Surrogate's Court, or files a bill in equity with a justice of the peace. It may be that a different rule should be applied where the earlier action has been brought with knowledge of the lack of jurisdiction, and in fraud of the statute. Smith v. McNeal, 109 U. S. 426, 3 S. Ct. 319, 27 L. Ed. 986. Whether that is so we need not inquire at this time. Grotesque or fanciful situations, such as those supposed, will have to be dealt with when they arise. That they are conceivable, though improbable, ought not to govern our construction. The rule of the statute was enacted to meet the exigencies of the ordinary rather than the exceptional case, to save the rights of the honest rather than the fraudulent suitor. There is no suggestion of bad faith in the plaintiff's selection of the City Court. We think his error ought not to bar the prosecution of his action."

We pause here to note that likewise in the case at bar there is nothing in the record to indicate that decedent did not invoke in good faith the aid of the court in filing his action on July 2, 1931, the day before the statute of limitations would have run against him. It is true that his action was prematurely filed, because no disagreement then existed between him and the Veterans' Bureau, but the action was filed, at most, under mistake of law and under mistaken belief that the court had jurisdiction. And, as said in the Gaines Case, supra: "The important consideration is that, by invoking judicial aid, a litigant gives

timely notice to his adversary of a present purpose to maintain his rights before the courts. When that has been done, a mistaken belief that the court has jurisdiction stands on the same plane as any other mistake of law."

Continuing, the Court of Appeals, in the Gaines Case, said:

"The conclusion to which we are thus led has support in many well-considered cases. It is the rule in most of the state courts [citing cases]. In all these cases the statute was held suspended though the earlier action was dismissed for lack of jurisdiction either of the subject-matter or of the person. It is the rule adopted by judges of high authority in the federal courts. McCormick v. Eliot (C. C.) 43 F. 469; Caldwell v. Harding, 1 Lowell, 326, Fed. Cas. No. 2,302. It is also, we think, in harmony with the decision of the Supreme Court of the United States in Smith v. McNeal, 109 U. S. 426, 3 S. Ct. 319, 27 L. Ed. 986. But one decision (Sweet v. Electric Light Co., 97 Tenn. 252, 36 S. W. 1090) sustains a contrary view."

It should be noted that the case from Tennessee (Sweet v. Electric Light Co.) last quoted in the opinion in the Gaines Case has since been overruled by the Supreme Court of Tennessee, except in so far as it applies to certain situations not material here. See Burns v. Peoples Telephone & Telegraph Co., 161 Tenn. 382, 33 S.W.(2d) 76, 78. In the concluding paragraph of that opinion, the Supreme Court of Tennessee said:

"As pointed out in Davis v. Parks [151 Tenn. 321, 270 S. W. 444], supra, and in Smith v. McNeal, 109 U. S. 426, 3 S. Ct. 319, 27 L. Ed. 986, there may be cases in which a plaintiff was grossly negligent in choosing the forum of his first suit and in which the rule announced in Sweet v. Electric Light Co., supra, should be applied. Moran v. Weinberger [149 Tenn. 537, 260 S. W. 966], supra, proceeded to some extent on this idea. Under other circumstances, however, Sweet v. Electric Light Co. will not be followed and may be considered as overruled, except as indicated."

In the case of Smith v. McNeal, 109 U. S. 426, 3 S. Ct. 319, 320, 27 L. Ed. 986, cited in the opinion in the Gaines Case, the first suit filed by the plaintiffs in error had been dismissed for a defect in the pleading, which was supplied in a second suit, but the second suit was held barred by limitations. The plaintiffs in error relied upon a saving statute of the state of Tennessee, which provides that, "If the action is commenced within the time limited, but the judgment or decree is rendered against the plaintiff upon any ground not concluding his right of action, or where the judgment or decree is rendered in favor of the plaintiff, and is arrested, or reversed on appeal, the plaintiff or his representatives and privies, may * * * commence a new action within one year after the reversal or arrest." In reversing the case, the court said:

"The question of law upon which the parties are at issue is whether the judgment rendered February 24, 1877, by which the suit begun December 31, 1873, was dismissed, the dismissal being on the ground that the court had no jurisdiction of the cause of action set out in the declaration, falls within the saving of this section as being rendered on a ground not concluding the plaintiffs' right of action.

"It is well settled that the judgment of a court dismissing a suit for want of jurisdiction does not conclude the plaintiffs' right of action.

"In Walden v. Bodley, 14 Pet. 156 [10 L. Ed. 398], it was said by this court:

" 'A decree dismissing a bill generally may be set up in bar of a second bill having the same object in view, but when the bill has been dismissed on the ground that the court had no jurisdiction, which shows that the merits were not heard, the dismissal is not a bar to the second suit.'

"So in the case of Hughes v. United States, 4 Wall. 232 [18 L. Ed. 303], this court declared:

" 'In order that a judgment may constitute a bar to another suit it must be rendered in a proceeding between the same parties or their privies, and the point of controversy must be the same in both cases, and must be determined on its merits. If the first suit was dismissed for defect of pleadings or parties, or a misconception of the form of proceeding, or the want of jurisdiction, or was disposed of on any ground which did not go to the merits of the action, the judgment rendered will prove no bar to another suit.' See, also, Greenl. Ev. §§ 529, 530, and cases there cited.

"These cases would seem to settle the question against defendants in error, for they decide that the dismissal of a suit for want of jurisdiction is upon a ground not concluding the right of action."

For error in sustaining the demurrer to appellant's complaint, the judgment is reversed, with instructions to proceed on the merits.