## HARROP v. UNITED STATES.
### No. 856.

District Court, D. Nebraska, Lincoln Division.

April 6, 1935.

Roy M. Harrop, of Council Bluffs, Iowa, and Carl T. Self, of Omaha, Neb., for plaintiff.

C. E. Sandall, U. S. Dist. Atty., of Omaha, Neb., and Frederick H. Wagener, Atty., Department of Justice, of Lincoln, Neb., for the United States.

MUNGER, District Judge.

This is a suit to recover upon an ordinary policy of war risk insurance, issued to the plaintiff as a soldier in the World War and in force until a short time after his discharge on July 30, 1919. The plaintiff claims that he became totally and permanently disabled while the policy was in force. By a demurrer to the amended petition and by a motion to dismiss the action, the question is presented whether the suit was begun within the time prescribed by section 19 of the World War Veterans' Act of 1924, as amended (38 USCA § 445). The portion of the act in question is as follows: "No suit on yearly renewable term insurance shall be allowed under this section unless the same shall have been brought within six years after the right accrued for which the claim is made or within one year after July 3, 1930, whichever is the later date, and no suit on United States Government life (converted) insurance shall be allowed under this section unless the same shall have been brought within six years after the right accrued for which the claim is made: Provided, That for the purposes of this section it shall be deemed that the right accrued on the happening of the contingency on which the claim is founded: Provided further, That this limitation is suspended for the period elapsing between the filing in the bureau of the claim sued upon and the denial of said claim by the director."

The amended petition shows that the plaintiff filed his claim with the United States Veterans' Bureau July 3, 1931, and that it was denied on March 23, 1932, and that the plaintiff was advised of the denial

by a letter dated and sent March 23, 1932, to the plaintiff at Roca, Neb.

The plaintiff's petition was filed in this court on March 29, 1932, but a copy of the petition was received by the United States District Attorney on March 28, 1932.

According to the state practice, the defendant may present the question of a statute of limitations, if the petition on its face shows that the action is barred. Merriam v. Miller, 22 Neb. 218, 34 N. W. 625; Carden v. McGuirk, 111 Neb. 350, 196 N. W. 698; Brandeen v. Beale, 117 Neb. 291, 220 N. W. 298; Pohle v. Nelson, 108 Neb. 220, 187 N. W. 772. The question may, therefore, be presented in this court in the same manner. Woolsey v. Trimble (C. C. A.) 18 F.(2d) 908; Davis v. Mills (C. C. A.) 121 F. 703. See also Finn v. United States, 123 U. S. 227; 8 S. Ct. 82, 31 L. Ed. 128; United States v. Matory (C. C. A.) 71 F.(2d) 798; Carpenter v. United States (C. C. A.) 56 F.(2d) 828; Wilson v. United States (C. C. A.) 70 F.(2d) 176. The plaintiff had no more than one day left in which to bring his action, at the time when he filed his claim with the Veterans' Bureau. He, therefore, had no more than one day after the denial of his claim in which to commence his action, unless he was allowed additional time because of certain regulations approved by the Insurance Claims Council, November 1, 1931. These regulations are as follows:

"3106. *Decisions Rendered by Insurance Claims Council.* Decisions of the insurance claims council will be prepared and signed in triplicate by not less than two members of the council. The original copy of the decision will be placed in the central office folder, one carbon copy will be placed in the regional office folder, and the other carbon copy will become a part of the permanent records of the insurance claims council. The claimant and other interested parties will be informed of the decision rendered by the council.

"3107. *Appeal from Decisions Rendered by Insurance Claims Council.* If a decision is rendered by the insurance claims council adverse to the allegations made by the claimant, a letter so advising the claimant will be concurrently prepared and sent to the claimant at his last address of record. Said letter will advise the claimant the date on which the council denied the claim, and that the claimant may consider such denial final for purposes of instituting suit under section 19 of the World War veterans' act, 1924, as amended. Said letter should further advise the claimant that if he accepts the denial of the claim by the council as final, the suspension of the statute of limitations provided by section 19 shall cease from and after the date of this letter plus the number of days usually required by the post office department for the transmission of regular mail from Washington, D. C., to the claimant's last address of record, and that his case folder has been forwarded to the appropriate office or station (giving name and address of office or station) and that any future inquiries should be directed to that office or station. If an appeal is filed the case file together with the appeal will be forwarded by the regional office to the administrator, through the director of insurance, who shall at the time of forwarding the same indicate his approval or disapproval of the decision of the insurance claims council, from which appeal is taken."

The power to make regulations to enforce the World War Veterans' Act is found in section 1 of the Act of July 3, 1930, 38 U. S. Code § 426 (38 USCA § 426), and is as follows: "The director, subject to the general direction of the President, shall administer, execute, and enforce the provisions of this chapter, and for that purpose shall have full power and authority to make rules and regulations, not inconsistent with the provisions of this chapter which are necessary or appropriate to carry out its purposes."

It is well settled that no administrative officer, who is acting under a statutory power to make regulations, may adopt any regulation which abridges or enlarges the terms of the statute. United States v. Two Hundred Barrels of Whisky, 95 U. S. 571, 24 L. Ed. 491; Morrill v. Jones, 106 U. S. 466, 1 S. Ct. 423, 27 L. Ed. 267; United States v. Symonds, 120 U. S. 46, 7 S. Ct. 411, 30 L. Ed. 557; Field v. Clark, 143 U. S. 649, 12 S. Ct. 495, 36 L. Ed. 294; United States v. Eaton, 144 U. S. 677, 12 S. Ct. 764, 36 L. Ed. 591; United States v. United Verde Copper Co., 196 U. S. 207, 25 S. Ct. 222, 49 L. Ed. 449; United States v. Grimaud, 220 U. S. 506, 31 S. Ct. 480, 55 L. Ed. 563; United States v. George, 228 U. S. 14, 33 S. Ct. 412, 57 L. Ed. 712; Campbell v. Galeno Chemical Co., 281 U. S. 599, 50 S. Ct. 412, 74 L. Ed. 1063; Miller v. United States, 55 S. Ct. 440, 79 L. Ed. —— (March 4, 1935); St. Louis Independent Packing Co. v. Houston

(C. C. A.) 215 F. 553; Hurwitz v. United States (C. C. A.) 280 F. 109.

In Stallman v. United States, 67 F.(2d) 675, 676, the Circuit Court of Appeals of this circuit held that the date of the denial of the soldier's claim governed as to the time left to the soldier in which to bring his action, in a case of this kind, saying: "The conditions upon which this suit can be maintained against the government are those prescribed by the acts of Congress, and the court may not enlarge the rights accorded. United States v. Alberty (C. C. A.) 63 F. (2d) 965. As the statute says that the limitation fixed for bringing the suit shall be 'suspended for the period elapsing between the filing in the bureau of the claim sued upon and the denial of said claim by the director,' and says nothing about any additional suspension until notice can be brought home to the claimant, it is our clear duty to hold that the suit was barred."

It was noted in that decision that the regulations which have been referred to had been promulgated, but were not applicable to that case.

In United States v. Gower (C. C. A.) 71 F.(2d) 366, 369, the soldier claimed that he began his suit in time because his lack of notice of the denial of his claim extended his time for bringing his action. In discussing this claim the court said: "Appellee testified that he personally had no notification of the denial of the claim until January 8, 1932, and later it was attempted to show that he was mistaken in that date and that his knowledge of the denial of the claim was not until January 18, 1932. That may be true, but we see no reason why he should not be bound as of the date of the denial of the claim, which is in accord with the plain meaning of the statute. But whether we take that date or the date on which notification came to his attorney the bar had run when the suit was instituted on January 20, 1932."

In Corn v. United States (C. C. A.) 74 F.(2d) 438, 439, the court said: "Only one day remained between the date plaintiff's claim was filed and July 3, 1931. During that time and the succeeding time until April 16, 1932, when the claim was disallowed, the running of the statute was suspended, and it began to run again immediately on its disallowance. The bar took effect according to the terms of the act one day after the disallowance of plaintiff's claim. The statute has been thus construed. United States v. Gower (C. C. A. 10) 71 F.(2d) 366;

Weaver v. United States (C. C. A. 4) 72 F. (2d) 20."

The regulations numbered 3106 and 3107, hereinbefore quoted, had been promulgated before the time when the claims in these two cases were denied.

In United States v. Michel (United States v. Krieger), 282 U. S. 656, 51 S. Ct. 284, 285, 75 L. Ed. 598, the question was whether two actions were brought in time against the United States to recover an internal revenue tax. The suits were brought under the terms of section 3226, Rev. St. as amended (26 U. S. Code § 156 [26 USCA § 156]), and the portion involved was quoted in the opinion as follows: "No suit or proceeding shall be maintained in any court for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected * * * until a claim for refund or credit has been duly filed with the Commissioner of Internal Revenue. * * * No such suit or proceeding shall be begun before the expiration of six months from the date of filing such claim unless the commissioner renders a decision thereon within that time, nor after the expiration of five years from the date of the payment of such tax * * * unless such suit or proceeding is begun within two years after the disallowance of the part of such claim to which such suit or proceeding relates. The commissioner shall within 90 days after any such disallowance notify the taxpayer thereof by mail."

The suits were brought more than two years after the claims were denied, but less than two years after notice had been sent to the claimant. It was held that the actions were barred. The court said:

"Neither of these claims was rejected within six months after filing. And in each case more than two years elapsed after rejection before the Commissioner sent notice that the claim had been disallowed. Neither action was commenced within five years after payment of the tax or within two years after disallowance of the claim. The taxpayers contend, and the Circuit Court of Appeals held, that the permission to sue continues for two years after notice that the claims had been disallowed, and that therefore these actions were commenced within time.

"As the Commissioner did not act within six months, permission to sue did not depend upon the rejection of the claim or upon the giving of the notice. By the terms of the statute the period within which the

government consented to be sued commenced at the expiration of such six months, and continued uninterruptedly through the five-year period following the date of payment and until 'two years after the disallowance.' While the statute declares that the Commissioner within a specified time shall notify the taxpayer that his claim has been disallowed, it is nowhere stated that the Commissioner's failure to give the notice will in any event operate to extend the time for bringing suit. An implication to that effect cannot prevail against the rule expressly stated. It is clear that, where the Commissioner renders no decision within six months, the section contemplates that before commencing his suit 'the taxpayer will ascertain by inquiry whether the Commissioner has acted. This at least suggests that it may be the intention of the act to leave a like burden upon claimants in all cases.

"Provisions in tax laws limiting the time within which the United States may enforce the payment of taxes by distraint or suit are to be interpreted liberally in favor of the taxpayers. Bowers v. N. Y. & Albany Co., 273 U. S. 346, 47 S. Ct. 389, 71 L. Ed. 676; United States v. Updike, 281 U. S. 489, 50 S. Ct. 367, 74 L. Ed. 984. But it is also well established that suit may not be maintained against the United States in any case not clearly within the terms of the statute by which it consents to be sued. Eastern Transp. Co. v. United States, 272 U. S. 675, 686, 47 S. Ct. 289, 71 L. Ed. 472; Price v. United States, 174 U. S. 373, 375–376, 19 S. Ct. 765, 43 L. Ed. 1011. There is nothing in the legislative history of the provision to indicate an intention that the two-year period should not commence upon the disallowance of the claim or that it should be extended by the failure of the Commissioner to give the specified notice."

■ The portion of Regulation No. 3107, as follows, "Said letter should further advise the claimant that if he accepts the denial of the claim by the council as final, the suspension of the statute of limitations provided by section 19 shall cease from and after the date of this letter plus the number of days usually required by the post office department for the transmission of regular mail from Washington, D. C., to the claimant's last address of record," is not in pursuance of an act of Congress providing that notice should be given to the claimant, as in the Michel and Krieger Cases, but in effect is directly contrary to the terms of

section 19 of the World War Veterans' Act, which provides that the limitation was suspended until the denial of the claim. The portion quoted of the regulation attempted to add a longer period of suspension than Congress had provided. Because this portion of the regulation is contrary to the terms of the statute, it must be held that the portion was beyond the power of the Insurance Claims Council, and that the period of suspension of the statute of limitation ended with the date of the denial of the plaintiff's claim.

■ The plaintiff filed his amended petition in this case and claims that he is entitled to maintain his action under the amended petition by reason of the portion of section 4 of the Act of Congress approved July 3, 1930, amending section 19 of Act of 1924 (38 U. S. Code § 445 [38 USCA § 445]) which reads as follows: "If suit is seasonably begun and fails for defect in process, or for other reasons not affecting the merits, a new action, if one lies, may be brought within a year though the period of limitations has elapsed."

It is clear that his suit was not seasonably begun, and therefore the plaintiff is not entitled to proceed, even if the amended petition could be considered as a new action. The demurrer will be sustained, and the action dismissed.