## MUNRO v. UNITED STATES.

### No. 1111–A.

District Court, W. D. New York.

April 11, 1935.

Alger A. Williams and Manly Fleischmann, both of Buffalo, N. Y., for plaintiff.

George L. Grobe, U. S. Atty., and Frederick T. Devlin, both of Buffalo, N. Y., for the United States.

RIPPEY, District Judge.

This is an action brought on a policy of War Risk Insurance. Plaintiff is a resident of the Western District of New York; thus the suit is brought in the right district. Congress has conferred jurisdiction on this court over the subject-matter of the action. 38 USCA § 445. Thus, the jurisdiction of this court is exclusive. United States v. Pfitsch, 256 U. S. 547, 552, 41 S. Ct. 569, 65 L. Ed. 1084.

Section 445 of title 38 USCA also provides that "The procedure in such suits shall be the same as that provided in sections 762 and 763 of Title 28, and section 765 of Title 28 so far as applicable." Sec-

tion 762, 28 USCA provides, so far as applicable, that "The plaintiff in any suit brought * * * shall file a petition, duly verified with the clerk of the respective court having jurisdiction of the case, and in the district where the plaintiff resides." Section 763 provides, among other things, that "The plaintiff shall cause a copy of his petition filed under section 762 of this title, to be served upon the district attorney of the United States in the district wherein suit is brought, and shall mail a copy of the same, by registered letter, to the Attorney General of the United States, and shall thereupon cause to be filed with the clerk of the Court wherein suit is instituted an affidavit of such service and the mailing of such letter."

■■■ Despite the following facts, defendant moves to dismiss the suit for want of jurisdiction. On March 16, 1933, a summons was procured by plaintiff from the clerk of this court in due form and served on the district attorney for the Western District of New York and on the same day a copy was mailed to the Attorney General of the United States by registered mail and received by him on March 17, 1933. No complaint or petition was served with the summons. Time for commencement of the suit expired on April 5, 1933, and up to that time no complaint or petition had been served. Service of a summons under the law of the state of New York constitutes the commencement of an action (section 16, Civil Practice Act), and the issuance by the clerk of the writ or summons under seal and its service according to state practice is the commencement of the action under federal practice (28 USCA §§ 721, 722) under the Conformity Act (28 USCA § 724). This procedure was followed after plaintiff's attorney was assured by the district attorney that it was in all respects proper to give the court jurisdiction of the action. Complaint was personally served on the United States Attorney on July 26, 1933, and due and personal service admitted and a copy was duly served on the United States Attorney General by regis-

tered mail. On February 16, 1934, an answer, duly verified by the United States Attorney, was served on the attorney for plaintiff. It raised no question of jurisdiction and contained no defense that the statute of limitations had run before the service of the complaint. The case was on the November, 1933, and March and November, 1934, calendars of this court for trial without objection. Down to the time of the making of this motion no objection has been made by defendant to the regularity of the proceedings. It is now too late.

A complaint or petition was served in the manner and upon the persons required by sections 762 and 763, title 28, USCA and the government appeared and answered to the merits. The time limitation within which the suit could be brought was an affirmative defense. To take advantage of failure to commence the action in time, the government was required to plead it affirmatively. N. Y. Civil Practice Act, § 242; Rodger v. Bliss, 130 Misc. 168, 223 N. Y. S. 401. This it has not done.

Whether there were defects in the commencement of the suit is immaterial. The provisions of sections 762 and 763 were purely procedural and not jurisdictional, and the government could and did waive any such defects by its general appearance and answer to the merits. Little v. United States (D. C.) 54 F.(2d) 711; Farrar and Brown v. United States, 3 Pet. (28 U. S.) 459, 7 L. Ed. 741; Thames & Mersey Marine Ins. Co. v. United States, 237 U. S. 19, 24, 35 S. Ct. 496, 59 L. Ed. 821, Ann. Cas. 1915D, 1087; United States v. New York & O. S. S. Co. (C. C. A.) 216 F. 61; United States v. Hvoslef, 237 U. S. 1, 35 S. Ct. 459, 59 L. Ed. 813, Ann. Cas. 1916A, 286; Everett Ry., Light & Power Co. v. United States (D. C.) 236 F. 806; Bentley v. Reid (C. C. A.) 133 F. 698; Mackay v. Uinta Development Co., 229 U. S. 173, 33 S. Ct. 638, 57 L. Ed. 1138.

The motion must be denied, and it is so ordered.