## MILLER v. UNITED STATES.
### No. 1802–A.

District Court, W. D. New York.

Feb. 18, 1936.

Daniel J. O'Mara, of Rochester, N. Y. (Edmund Clynes, of Rochester, N. Y., of counsel), for plaintiff.

George L. Grobe, of Buffalo, N. Y. (Goodman A. Sarachan, of Rochester, N. Y., of counsel), for the United States.

RIPPEY, District Judge.

This is a motion to dismiss the petition of the veteran on the ground that it had been filed too late. According to the conceded facts, the last day on which to commence suit was June 19, 1935. The veteran caused a summons to be issued under the hand and seal of the clerk of this court on June 18, 1935, and the same was on that day duly served upon the United States Attorney for the Western District of New York and upon the Attorney General of the United States. On June 21, 1935, the United States Attorney appeared on motion to dismiss on the ground that the action could be begun only by petition, and that the court had no jurisdiction of the action. The motion came on for hearing before Judge Knight, and on July 19, 1935, he made an order for the dismissal of the summons (D.C.) 11 F.Supp. 924. The veteran's petition, verified on August 22, 1935, was served in accordance with the provisions of 28 U.S.C.A. § 763 on August 27, 1935, and proof of service was filed with the clerk of this court on January 18, 1936.

The sole question for determination before the court upon the present motion is whether or not the veteran honestly and in good faith attempted to bring his case before the court for determination upon the merits within the time fixed by Congress. If so, he should not be barred from having the court pass upon the merits of his case because of an alleged defect in process or procedure. Gaines v. City of New York, 215 N.Y. 533, 109 N.E. 594, L.R.A.1917C, 203, Ann.Cas.1916A, 259; Johnson v. United States (C.C.A.) 68 F.(2d) 588.

It appears above that the veteran attempted to commence his suit by the issuance of a summons under the hand and seal of the clerk of the court. I have already held that such issuance of the summons and service constituted a due commencement of a suit under the provisions of 38 U.S.C.A. § 445, and there is no reason why I should change my decision. Munro v. United States (D.C.) 10 F.Supp. 412. Section 445 provides, among other things, that "the procedure in such suits shall be the same as that provided in sections 762 and 763 of Title 28, and section 765 of Title 28 in so far as applicable." Under 28 U.S.C.A. § 762, Congress does not provide that the suit must be brought by the filing of a petition, but does refer to the provisions of 28 U.S.C.A. 41, paragraph 20, and the latter refers generally to jurisdiction of the District Court in certain controversies. There being no express provision by Congress that suit in a case such as this must be brought by the filing of a petition, the provisions of the Conformity Act (28 U.S.C.A. § 724) apply, and under this the procedural requirements for commencing the suit are governed by the Civil Practice Act of the state of New York. The provisions of section 763 are not in conflict with that conclusion, because it is there provided only that a copy of the petition shall be served upon the District Attorney of the United States in the district wherein the suit is brought and a copy shall be mailed by registered mail to the Attorney General of the United States, and proof of such service shall be filed with the clerk of the court in which the suit is brought. While I do not have available or have not made an investigation of the numerous suits brought in this district under the Veterans' Act, in cases which have come to my attention suits have been brought by the filing and service of a summons and complaint in accordance with the New York state practice and, until the decision in the Munro Case above, no case has been brought to my attention where the question of the regularity of such practice has been raised. Even without an exhaustive examination of pleadings in other cases, I think I am safe in asserting that in the vast majority of suits brought either against the United States or against other defendants in this district and probably throughout the United States the pleadings have followed the regulations of state practice.

■■ However, counsel in the case at bar were familiar with the decision in the Munro Case and had a right to assume that it was good law in the absence of any higher decision to the contrary and commenced the suit as above indicated. It must be held that there was an honest attempt on the part of the veteran in the case at bar to bring his action before the court for decision upon the merits. Under the New York state practice the United States Attorney, where a copy of the complaint, or "petition," if we wish to call it such, was not served with the summons, was required to demand in writing a copy of the complaint within 20 days after the service of the summons. Upon that demand being made, the plaintiff was required to serve a copy of his complaint or petition (N.Y.Civil Practice Act, § 257), whereupon, upon service of such complaint or petition, the United States Attorney may appear and defend the interests of the defendant in the suit and file a plea, answer, or a demurrer, or file a notice of any counterclaim, set-off, claim for damages, or other demand or defense whatsoever of the government in the premises, within 60 days after such service upon him (28 U.S.C.A. § 763). There is nothing out of harmony between the practice as indicated and the provisions of the Judicial Code or of the War Veterans Act, but the practice is in complete harmony with the practice followed by the bench and bar throughout the United States under the Conformity Act.

It therefore must be held, under the above authorities, that this suit was seasonably begun within the meaning of the provisions of 38 U.S.C.A. § 445 and failed, under the decision of Judge Knight, for a defect in process not affecting the merits, through no dishonest or fraudulent purpose, and that the petition was filed within the extended period of 1 year after the time was alleged to have elapsed when the suit might be begun. The clear and unequivocal intent of Congress that a veteran should not be barred by the 6-year statute of limitations from having his claim decided upon the merits through honest mistake in procedure in the commencement of his suit until he has been given an opportunity to correct those defects within the additional period of 1 year is shown from the wording of the act. Cf. Smith v. McNeal, 109 U.S. 426, 3 S.Ct. 319, 27 L.Ed. 986; Hughes v. United States, 4 Wall. 232, 237, 18 L.Ed. 303. In the Hughes Case the Supreme Court says: "If the first suit was dismissed for defect of pleadings, or parties, or a misconception of the form of

proceeding, or the want of jurisdiction, or was disposed of on any ground which did not go to the merits of the action, the judgment rendered will prove no bar to another suit."

The saving clause in the statute follows both federal and state policy to allow a suitor to commence a suit after a statute of limitations has run, provided he has not been guilty of gross negligence in selecting his tribunal, the tribunal selected was without jurisdiction to hear the case and he honestly attempted to commence the action in the right court. This court has inherent jurisdiction to hear this suit. It is, of course, fundamental that the intent of Congress must be derived not only from the wording of the statute, but from the law and the purpose of analogous statutes with which the Congress is presumed to be familiar when the enactment is made.

The motion of the government to dismiss for want of jurisdiction is therefore denied.