## MACK v. UNITED STATES.

District Court, E. D. South Carolina.
Sept. 1, 1939.

R. K. Wise, of Columbia, S. C., and D. E. Ellerbe and C. T. McDonald, both of Florence, S. C., for plaintiff.

Claud N. Sapp, U. S. Atty., and Robert E. Wilson, Atty., Department of Justice, both of Columbia, S. C.

LUMPKIN, District Judge.

This is a motion by defendant, the United States of America, to dismiss the complaint herein upon the ground that the claim was barred by the Statute of Limitations, and that this Court was without jurisdiction to hear and determine the alleged cause of action.

The admitted facts submitted to the Court are as follows:

This is an action on a war risk policy commenced by the plaintiff in her own right and as administratrix of the estate of a colored deceased soldier.

Counsel for plaintiff and for the Government have undoubtedly given consider-

able study to the very interesting questions raised here. Briefs reviewing all of the applicable cases have been submitted and the lengthy oral arguments have been of great benefit to the Court. From the complaint it is shown that the deceased soldier was inducted into the army February 24, 1918; was finally discharged January 22, 1919, and it is alleged that on that day, and prior thereto, while in service he was disabled within the meaning of the policy held by him. He died on November 2, 1923, allegedly from the same ailment from which he was suffering while in the army.

The claim was filed by the plaintiff in her own right and as administratrix on the 17th of June, 1931, or sixteen days before the time expired under the Act of 1930. Thereafter, and on August 12, 1932, the plaintiff filed her suit in the United States Court for the Eastern District of South Carolina, and it is admitted that at the time of the filing of such suit no notice of disagreement had been issued by the Veterans Administration. On March 7, 1933, formal disagreement was issued and mailed to the plaintiff.

The Government contends that the suit had not been "seasonably begun" as required by the Act of 1930, and therefore it was necessary for a suit to be filed within sixteen days after the notice of disagreement was mailed to the plaintiff by the Veterans Administration, and having failed to voluntarily dismiss the then pending action and file a new suit within this period of sixteen days the plaintiff here cannot now claim the right to file an action within a period of one year as authorized by the Act of 1930.

The trial of this suit was reached on the calendar and the Court dismissed it on May 13, 1937, by an order, as follows:

"It appearing that suit was filed in this case before the plaintiff had secured a denial of her claim by the Veterans Administration; and that this court is therefore without jurisdiction to hear and determine plaintiff's alleged cause of action.

"It is therefore ordered, that the complaint herein be dismissed."

The present action was begun by filing summons and complaint March 12, 1938, which was within a year after the dismissal of the previous suit.

Because of the importance of this matter now before the Court, it would seem appropriate that we have a short history of the development of the War Risk Insurance Statutes. The original War Risk Insurance Act was passed on September 2, 1914, 38 Stat. 711, and was designed to protect sailors and shipping from extra hazards incident to commerce on the high seas under war conditions. The Act was amended on October 6, 1917, 40 Stat. 398, to grant life insurance and disability insurance to American soldiers and sailors and to take care of the extra hazards of military life under war conditions. This amendment provided that soldiers, sailors and marines might apply to the Bureau of War Risk Insurance, an agency of the Government, for life insurance in multiples of $500, and up to $10,000. It further provided that should the insured become permanently and totally disabled while such insurance was in force, he would be paid monthly $5.75 for each $1,000 of insurance in force.

The amendment of October 6, 1917, provided that in the event of a disagreement under a contract of insurance, an action on the claim might be brought against the United States in the District Court where any one or more of the beneficiaries of such insurance contract resided. This amendment provided no time limit for the institution of such a suit. So that there was much confusion as to what, if any, statute of limitations applied to suits on war risk insurance. The Courts finally settled on the State Statute of Limitations applicable to other contracts in the States in which such actions were brought, which brought about further confusion. In some States the Statute of Limitations was one year and in others up to ten years. So that, on June 7, 1924, when all laws relative to benefits for World War veterans were re-written and recodified into the Act known as the "World War Veterans' Act of 1924," it was provided: "No suit shall be allowed under this section [referring to war risk insurance contracts] unless the same shall have been brought within six years after the right accrued for which the claim is made, or within one year from the date of the approval of this amendatory Act, whichever is the later date: Provided, That for the purposes of this section it shall be deemed that the right accrued on the happening of the contingency on which the claim is founded." Section 19, as amended by Act May 29, 1928, § 1, 45 Stat. 964.

On July 3, 1930, Congress passed an amendment to the World War Veterans' Act, 46 Stat. 992, § 4, 38 U.S.C.A. § 445, which provides in part as follows:

"If suit is seasonably begun and fails for defect in process, or for other reasons not affecting the merits, a new action, if one lies, may be brought within a year though the period of limitations has elapsed."

The Government contends that the suit was not "seasonably begun" and therefore must be dismissed because this was a prerequisite to the right to enjoy the benefits of the one year additional limitation allowed by the Act of 1930, and as no disagreement had been reached before filing original suit the action was not "seasonably begun".

The plaintiff asserts here that under the Act above mentioned the dismissal of the original suit must affect the merits or the new action can be brought within a year after the time of dismissal of the first suit.

Does the filing of the first action on 12th August, 1932, have the effect of tolling the statute in this case? After a review of many applicable cases the Court is convinced that Congress intended in a case like this a plaintiff should have the right to file a new action within one year from the date of the dismissal of the first suit, unless the dismissal of the complaint came about by a motion, or other procedure, directed to and affecting the merits of the case. The dismissal in this case, under the order above quoted, was because the Court had no jurisdiction to hear and determine plaintiff's case, the suit having been filed prior to the date of the disagreement.

By the great weight of authority in both the State and Federal Courts a dismissal on jurisdictional grounds does not deprive the plaintiff of bringing another action. The Supreme Court of the United States has in several cases clarified this important principle for the bar and the courts of this country. Quoting from Johnson v. U. S., 9 Cir., 68 F.2d 588, 591 we find the following review of these important decisions of the Supreme Court of the United States:

"In the case of Smith v. McNeal, 109 U.S. 426, 3 S.Ct. 319, 320, 27 L.Ed. 986, cited in the opinion in the Gaines Case [Gaines v. City of New York, 215 N.Y. 533, 109 N.E. 594, L.R.A.1917C, 203, Ann. Cas.1916A, 259], the first suit filed by the plaintiffs in error had been dismissed for a defect in the pleading, which was supplied in a second suit, but the second suit was held barred by limitations. The plaintiffs in error relied upon a saving statute of the state of Tennessee, which provides that, 'If the action is commenced within the time limited, but the judgment or decree is rendered against the plaintiff upon any ground not concluding his right of action, or where the judgment or decree is rendered in favor of the plaintiff, and is arrested, or reversed on appeal, the plaintiff or his representatives and privies, may * * * commence a new action within one year after the reversal or arrest.' In reversing the case, the court said:

"'The question of law upon which the parties are at issue is whether the judgment rendered February 24, 1877, by which the suit begun December 31, 1873, was dismissed, the dismissal being on the ground that the court had no jurisdiction of the cause of action set out in the declaration, falls within the saving of this section as being rendered on a ground not concluding the plaintiffs' right of action.

"'It is well settled that the judgment of a court dismissing a suit for want of jurisdiction does not conclude the plaintiffs' right of action.

"'In Walden v. Bodley, 14 Pet. 156 (10 L.Ed. 398), it was said by this court:

"'"A decree dismissing a bill generally may be set up in bar of a second bill having the same object in view, but when the bill has been dismissed on the ground that the court had no jurisdiction, which shows that the merits were not heard, the dismissal is not a bar to the second suit."

"'So in the case of Hughes v. United States, 4 Wall. 232 (18 L.Ed. 303), this court declared:

"'"In order that a judgment may constitute a bar to another suit it must be rendered in a proceeding between the same parties or their privies, and the point of controversy must be the same in both cases, and must be determined on its merits. If the first suit was dismissed for defect of pleadings or parties, or a misconception of the form of proceeding, or the want of jurisdiction, or was disposed of on any ground which did not go to the merits of the action, the judgment rendered will prove no bar to another suit." See, also, Greenl.Ev. §§ 529, 530, and cases therein cited.' "

The facts here are identical with those in Johnson v. United States, 1934, 9 Cir., 68 F.2d 588, in which the original suit on a policy of war risk insurance was dismissed, where there was no "disagreement" at its commencement. A new suit was filed within one year of the dismissal, and the District Court held, in 2 F.Supp. 999, that: "As the said action was premature, it was not 'seasonably begun,' it was a nullity, and so it affords no basis to extend limitations and authorize the court to allow the instant action, which it would, had the former action been 'seasonably begun' as the statute provides."

The Circuit Court of Appeals reversed the District Court, holding that the facts came squarely within the purview of the statutory provision here involved, and that an original suit commenced before a "disagreement" existed and dismissed for the consequent lack of jurisdiction was nevertheless "seasonably begun". The Court in the Johnson case strongly relied on and quoted at length from Gaines v. City of New York, 215 N.Y. 533, 109 N.E. 594, at page 596, L.R.A.1917C, 203, Ann.Cas. 1916A, 259, in which the Court of Appeals of New York by Mr. Justice Cardozo said, with respect to a similar New York statute: "The statute is designed to insure to the diligent suitor the right to a hearing in court till he reaches a judgment on the merits. * * * The important consideration is that, by invoking judicial aid, a litigant gives timely notice to his adversary of a present purpose to maintain his rights before the courts. When that has been done, a mistaken belief that the court has jurisdiction stands on the same plane as any other mistake of law."

■ From the foregoing cases, and many others which have been carefully considered, the Court concludes that a dismissal for lack of jurisdiction, such as nonexistence of a disagreement, is a dismissal for a reason "not affecting the merits." In the present case I am satisfied that the dismissal of the original suit did not go to the merits.

■ In Miller v. U. S., 1936, D.C., 13 F. Supp. 684, the plaintiff mistook the form of his suit on a war risk insurance policy, and began it by summons and complaint instead of by petition. The original suit was dismissed and a second suit begun within one year after the dismissal. It was held, upon the authority of the Johnson and Gaines cases, supra, and upon the independ-

ent reasoning of the Court, that this second suit came squarely within the beneficent purview of the statutory provision here involved, and that the original suit had been "seasonably begun". Attaching due authoritative effect to the Johnson, Gaines, and Miller cases, supra, I must conclude that the instant case was also "seasonably begun."

■ The evident intent of Congress, in adopting this "seasonably begun" provision, was to preserve to the party his right to proceed to a hearing on the merits of the suit, and prevent the deprivation of that right by a dismissal on purely technical and non-meritorious grounds after the original period of limitation had expired. To adopt the construction of the term "seasonably begun" which defendant contends for,— namely, that the original suit must comply strictly with all the technical requirements of the statutes relative thereto, in order to be so "seasonably begun"—would in the opinion of the Court entirely eliminate the beneficent purpose of a kindly sovereign.

There have arisen in the argument several cases which should be carefully distinguished. Thus, in Kemp v. U. S., 1935, 7 Cir., 77 F.2d 213, the "seasonably begun" provision here involved was held not to apply or to toll the Statute of Limitations where the original suit on a war risk insurance policy was voluntarily dismissed.

In the present case, the original suit was not voluntarily dismissed, but rather on the motion of the defendant. The Government has contended here that the plaintiff should have taken a voluntary dismissal. From the authorities submitted if the plaintiff had voluntarily submitted to a dismissal of her first action she could not have thereafter claimed the benefits of the one year statute provided for in the Act of 1930. In Harrop v. U. S., 1935, D.C., 10 F.Supp. 753, where the original suit was barred by Statute of Limitations at the time when it was filed, the "seasonably begun" provision was held not to apply to allow an additional one year in which to file suit. Clearly this was a proper conclusion to be reached under the facts of this last mentioned case.

In this case, it is unquestioned that the original suit was commenced within the period of limitation.

It is therefore ordered, adjudged and decreed, that the defendants' motion to dis-

miss is denied and the case should be placed on the trial calendar for hearing on the merits.