**GENESEE VALLEY TRUST CO. OF ROCH-
ESTER, N. Y., v. UNITED STATES.**

**No. 124.**

Circuit Court of Appeals, Second Circuit.

Dec. 23, 1940.

Daniel J. O'Mara, of Rochester, N. Y. (Edmund Clynes, of Rochester, N. Y., of counsel), for appellant.

George L. Grobe, U. S. Atty., of Buffalo, N. Y. (Goodman A. Sarachan, of Rochester, N. Y., of counsel), for appellee.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

SWAN, Circuit Judge.

This action seeking recovery on a war risk insurance policy was dismissed on the ground that it had not been brought within the time prescribed by statute, 38 U.S. C.A. § 445. The correctness of this ruling is the question presented by this appeal. There is no dispute as to the facts, which are as follows:

The insured, Roy Miller, attempted to bring suit on June 18, 1935 by causing a summons to be issued by a deputy clerk of

the district court and to be served on an assistant United States attorney at Rochester, N. Y. A motion to quash the service of summons was granted by Judge Knight. Miller v. United States, D.C., 11 F.Supp. 924. Thereafter on August 27, 1935 Miller served a copy of what purported to be the petition in his suit upon the United States attorney and sent another copy by registered mail to the Attorney General; but neither the original petition nor a copy thereof was filed with the clerk of the district court until January 18, 1936. The United States moved to dismiss the petition on the ground that it was filed too late. This motion was denied by Judge Rippey. Miller v. United States, D.C., 13 F.Supp. 684. In May 1938, the motion was renewed before Judge Burke and was granted on the authority of Munro v. United States, 303 U.S. 36, 58 S. Ct. 421, 82 L.Ed. 633. Thereafter, it became known that the Supreme Court of Monroe County, N. Y., had adjudged Miller incompetent and appointed Genesee Valley Trust Company of Rochester, N. Y., committee of his estate. Consequently the former order of dismissal was vacated, the Trust Company was substituted as plaintiff, and the petition was again dismissed. This is the order appealed from.

■ The appellant contends that by virtue of the statute, 38 U.S.C.A. § 445, Miller had a year after the failure of his first attempt to bring suit within which to institute a new action. This section prescribes a six year statute of limitations but provides: "* * * If suit is seasonably begun and fails for defect in process, or for other reasons not affecting the merits, a new action, if one lies, may be brought within a year though the period of limitations has elapsed." Under this provision if an action fails because of a jurisdictional defect, or some other ground not affecting the merits, an additional year's time is given for the filing of a new suit. Johnson v. United States, 9 Cir., 68 F.2d 588; Mack v. United States, D.C.E.D.S.C., 29 F.Supp. 65. A similar form of statutory extension has been granted in other jurisdictions. Smith v. McNeal, 109 U.S. 426, 3 S.Ct. 319, 27 L.Ed. 986; Gaines v. City of New York, 215 N.Y. 533, 109 N.E. 594, L.R.A. 1917C, 203, Ann.Cas.1916A, 259.

■ The year's extension granted by the quoted provision does not apply, however, to a case where the original suit failed because barred by the statute of limitations. The provision expressly requires that the suit which is dismissed for a reason not going to the merits be "seasonably begun." This can only mean begun within the period of limitations. This is the recognized interpretation of "seasonably begun." Harrop v. United States, D.C.L.D.Neb., 10 F.Supp. 753, 756; Parker v. United States, D.C.N.D.W.Va., 29 F. Supp. 741; Jewell v. United States, D.C. W.D.Ky., 27 F.Supp. 836, 838. Any other interpretation would nullify the six year period of limitations as it would give the litigant a limitless time in which to file his original suit, plus an additional year after the first suit was dismissed because filed too late.

■ The question, then, is whether the attempted service of summons in June 1935 constituted a suit "seasonably begun" which failed "for defect of process, or for other reasons not affecting the merits." In holding that it did, on the first motion to dismiss, Judge Rippey relied upon his own decision in Munro v. United States, 10 F. Supp. 412. This view is no longer tenable; his decision was reversed. Munro v. United States, 303 U.S. 36, 58 S.Ct. 421, 82 L.Ed. 633. There it was authoritatively decided that procuring a summons to be issued by the clerk of the district court and to be served on the United States district attorney does not "begin" a suit on a war risk insurance policy, since section 19 of the Act of 1924, 38 U.S.C.A. § 445, provides that the procedure in such a suit must conform to the requirements of sections 5 and 6 of the Tucker Act, 28 U.S.C. A. §§ 762, 763. While Miller's mistake was one which caused his original suit to fail for a reason not going to the merits of his cause of action, it was also one which caused no suit to be "begun". The distinction is narrow but crucial. It prevented his gaining the extension of an additional year for a new action after the failure of his first attempt to sue.

■ The period of limitations without such extension expired on September 19, 1935. 38 U.S.C.A. § 445d. Prior to that date Miller did not comply with the requirements of sections 5 and 6 of the Tucker Act with respect to the procedure for bringing a suit against the United States. Section 5, 28 U.S.C.A. § 762, provides that the plaintiff shall file a duly verified petition with the clerk of the court containing a succinct statement of the facts upon which the claim is based. Sec-

tion 6, 28 U.S.C.A. § 763, provides that he "shall cause a copy of his petition filed under section 762 of this title," to be served on the district attorney and shall mail a copy of the same by registered letter to the Attorney General. What Miller did on August 27, 1935 was to serve and mail copies of a petition which he proposed to file with the clerk. But his petition was not actually filed in court until January 18, 1936. This was too late, as the period of limitations had already expired. It is the filing of the petition which determines the date when the suit is brought. Bates Mfg. Co. v. United States, 303 U.S. 567, 58 S. Ct. 694, 82 L.Ed. 1020. There the petition was filed within the statutory period of limitations, but the service and mailing of copies were subsequent to the statutory period. It was held that the suit was timely, since it was "begun" by the filing of the petition.

The appellant's further contention that Judge Burke erred in not following Judge Rippey's prior ruling is plainly futile. If that were an error, the appeal would bring up also the prior ruling, and that was wrong. But it is quite absurd to suppose that a judge must follow the prior ruling of one of his colleagues after such prior ruling has been reversed by a higher court.

Order affirmed.